### Ex parte MARKS.

### MARKS v. BROWN, Judge, et al.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1905.)

No. 1,121.

1. JUDGMENTS—CORRECTION—CLERICAL ERRORS—MANDATE.
    Where a mandate after appeal directed the trial court to take such further proceedings in the cause as according to right and justice and the laws of the United States ought to be had, it authorized such court, on ascertaining that a mistake had been made in the computation of the amount of the judgment, to correct the error.

2. SAME—OBJECTIONS.
    Where plaintiff's attorney was relied on by the trial court to compute the amount of a judgment to be entered, and by such attorney's mistake a sum which plaintiff was not entitled to recover was inserted in the judgment, such attorney should not thereafter be permitted to object to the correction of the error on the ground that the court's jurisdiction was terminated by the expiration of the term.

Rule to Show Cause why Petition for the Writ of Mandamus Should not be Issued.

L. S. B. Sawyer and Malony & Cobb, for petitioner.

Lewis P. Shackleford (Charles B. Marks, of counsel), for James M. Shoup.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. This is a petition for a writ of mandamus to compel the District Judge of Alaska, Division No. 1, to vacate a judgment entered by him July 22, 1904, and to enforce the judgment rendered by him in the case of Antone Marks v. James M. Shoup, as United States marshal for Alaska. The original judgment in the District Court of Alaska in favor of Marks was for the sum of $3,390.35, with costs, and bore interest at the rate of 8 per cent. per annum. From this judgment an appeal was taken to this court, and the judgment was thereafter affirmed and a mandate issued. Upon receipt of the mandate the District Court of Alaska entered a judgment in strict accordance therewith. After the expiration of the term it was discovered that the judgment improperly included an item of $258. Upon this discovery being made, counsel for Sharp moved the court "that the said judgment be reduced in the sum of $258, with interest thereon from the 10th day of May, 1898, at the rate of eight per cent. per annum, to the said 5th day of May, 1903. This motion is based upon the records and files herein, and upon the accompanying affidavits, and is made on account of an error in the computation of the amount recoverable by the plaintiff, which was overlooked through inadvertence and excusable neglect by the defendant, and of which the defendant did not have notice until early in the month of February, 1904." This sum of $258 was the sum realized upon eleven cases of boots and shoes which were no part of the goods in controversy in the action of Marks v. Shoup, and this fact was shown by affidavits at the time the motion was made for the reduction of the judgment. No denial of these facts was ever made. The record before us shows that Mr. Crews, one of the counsel for Marks, "stated in open court that he doubted the authority of the court to act in the premises; but if the error in computation had been made—and he believed it had—he had no objection to the correction being made." This is what all of the counsel for Marks ought to have agreed to. But Mr. J. H. Cobb, of the firm of Malony & Cobb, who also appeared for Marks, raised some objection to the jurisdiction of the court to act, but in no wise contended that the error in computation had not occurred as claimed in the motion and stated in the affidavits, and he declined to consent to the order. The judge of the court, speaking of the error in the amount included in the original judgment, says:

"Mr. J. H. Cobb made the computation and presented the same to the court, and the court, trusting in Mr. Cobb's honesty and clerical ability, directed the clerk to enter the judgment for the amount as figured by Mr. Cobb. * * * The error was the result of Mr. Cobb's clerical mistake, or was a willful and corrupt misstatement of the fact. I prefer to accept the theory that the sum returned by Mr. Cobb was the result of a clerical error on his part rather than a corrupt misstatement of the fact. But that there was an error of calculation and a patent mistake as appeared upon the face of the papers referred to there is no doubt."

Under these circumstances, Mr. Cobb ought not to be allowed to raise any objections to the order made by the court reducing the judgment.

His client was not entitled to the sum of $258. Moreover, he, as counsel, had made the mistake in calculating the amount of the judgment, and it was his duty of his own motion to ask that the correction be made. The court had the inherent power, when the matter of the mistake was brought before it, to correct the error, in the interest of common honesty and justice. It seems unnecessary to cite authorities in favor of this power, which all courts must necessarily possess, to have their own records speak the truth. As is said by Freeman on Judgments, vol. 1 (4th Ed.) § 71, in speaking of correcting clerical errors and admissions:

"The rule that the record admits of no alteration after the term is obsolete. * * * All courts have inherent power to correct clerical errors at any time."

In Black on Judgments, vol. 1 (2d Ed.) § 161, the author says:

"All courts, from the highest to the lowest, whose proceedings are preserved in any species of record or memorial, have the power and authority to make such corrections therein as truth and justice require and the rules of law permit; and this power, being inherent, belongs to a court merely as such, and does not depend upon a statutory grant of jurisdiction."

In Rousset v. Boyle, 45 Cal. 64, 69, the court said:

"Whatever conflict may be found * * * between the authorities as to the right and duty of the trial court to correct its records in order to make them conform to the truth, and so prevent them from being turned into instruments of injustice, we think that it must be conceded that under no system of jurisprudence recognized among civilized people has it ever been permitted that a party who has by the mere misprision of the clerk obtained against his adversary the entry of a judgment never in fact pronounced or rendered by the court should, while substantially admitting the fact of the mistake, retain its fruits."

The mandate issued by this court commanded the District Court of Alaska "that such further proceedings be had in the said cause as according to right and justice and the laws of the United States ought to be had." The mandate by its terms authorized the court below, upon ascertaining that a mistake had been made in the computation of the amount of the judgment, to correct the error. In Railroad Co. v. Soutter, 2 Wall. 510, 17 L. Ed. 900, the court held that, although it was the duty of the lower court to follow the mandate of the appellate court, yet where the mandate is granted upon a supposition which is subsequently proved to be without foundation in fact the mandate ought not to be followed so as to work manifest injustice. In Story v. Livingston, 13 Pet. 359, 373, 10 L. Ed. 200, the court said:

"The mandate is to be interpreted according to the subject-matter to which it has been applied, and not in a manner to cause injustice."

In Canerdy v. Baker, 55 Vt. 579, 581, the court, in discussing this question, said:

"We think it would be more consonant to the liberal spirit pervading the practice in the English chancery to guard against apparent error to hold that a chancellor might rehear a cause remanded from the appellate court when based upon proper grounds and seasonably filed and certified as our rules require. The 'proper grounds' have already been somewhat indicated. They should be limited to substantial errors apparent or manifest from the papers and pleadings, errors plainly resulting from inadvertence or oversight of an uncontroverted or settled fact, errors or mistakes such as it is evident the Supreme Court would correct upon suggestion before the cause was remanded."

See, also, Kindel v. Lithograph Co., 19 Colo. 310, 312, 35 Pac. 538, 24 L. R. A. 311; Packard v. Kinzie A. H. Co. (Wis.) 81 N. W. 488; Pleyte v. Pleyte (Colo. Sup.) 24 Pac. 579; The Sabine (C. C.) 50 Fed. 215, 217.

When the error was discovered counsel for Marks should have been moved by a spirit of justice to avail himself of the privilege of correcting the error which he himself had caused, and accepted the amount of money due on the judgment, less the sum of $258 with the interest thereon, in full satisfaction of the judgment, instead of asking this court for a writ to compel the District Court to take such action as would enable him to collect the sum of $258 and interest to which he was not entitled. No such writ will be issued by this court.

The petition is denied, with costs.