## MASSACHUSETTS BONDING & INS. CO. et al. v. WILKINSON.

## WILKINSON v. MASSACHUSETTS BONDING & INS. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 24, 1925.)

No. 4434.

**Bankruptcy ⟨⊸⟩113—In action on bond conditioned on delivery of all assets of bankrupt, crediting defendant with salary and expenses held error.**

In suit on bond, required as supersedeas pending petition to superintend and revise order confirming appointment of receiver in bankruptcy, and conditioned on delivery to receiver or trustee of all property and assets finally adjudged to belong to it, it was error to allow credit for salary of bankrupt's president, clerks, and employees, and expenses for preservation of bankrupt estate.

In Error and Cross-Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by W. W. Wilkinson, trustee of the estate of Walker Grain Company, bankrupt, against the Massachusetts Bonding & Insurance Company and J. L. Walker. Judgment for plaintiff, defendants bring error, and plaintiff files cross-writ of error. Judgment reversed on cross-writ of error, with directions.

See, also, 260 F. 1022, 171 C. C. A. 669; 292 F. 395; 294 F. 939, 951; 3 F.(2d) 867, 872.

Clay Cooke and J. A. Templeton, both of Fort Worth, Tex. (W. E. Spell, of Waco, Tex., and G. A. Stultz, of Wichita, Kan., on the brief), for plaintiff in error and defendants in error on the cross-writ.

Stanley Boykin and H. C. Ray, both of Fort Worth, Tex. (Geo. M. Conner and Capps, Cantey, Hanger & Short, all of Fort Worth, Tex., on the brief), for defendant in error and plaintiff in error on the cross-writ.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is a suit by the trustee in bankruptcy of the Walker Grain Company against the Massachusetts Bonding & Insurance Company and J. L. Walker, as sureties upon a bond for $40,000, required as a supersedeas pending a petition to this court to superintend and revise an order of the District Court, approving and confirming the appointment by the referee of a receiver of the assets of the Walker Grain Company. The condition of the bond was that the grain company, in the event the relief sought should be denied, would deliver to the receiver or to the trustee in bankruptcy all the property and assets finally adjudged to belong to it. The order of the District Court was sustained by this court. Walker Grain Co. v. Gregg Grain Co., 260 F. 1022, 171 C. C. A. 669.

At the close of the evidence, upon motions by each of the parties plaintiff and defendant, for an instructed verdict, the court found that the bankrupt had collected, subsequently to the date of the bond, the sum of $10,193.61, from which the court deducted the sum of $4,367.46, on account of salaries to Walker, clerks, and employees, and of necessary and reasonable expenses for the preservation of the bankrupt estate, and thereupon directed a verdict for $5,826.15, for which amount judgment was entered. In denying a motion for new trial, the court required the trustee to enter a remittitur of $1,000, because of an error in not allowing that additional amount on account of expenses incurred in the conduct of the bankrupt's business. The order of the court provided that the entry of the remittitur should be without prejudice to the trustee's rights. It is undisputed that the Walker Grain Company collected and failed to turn over to the trustee the amount found by the court.

The questions presented are in substance the same as those in the case of J. L. Walker v. W. W. Wilkinson, Trustee, 3 F.(2d) 872, this day decided, and, following the rulings there made, the plaintiff in error takes nothing, and the judgment is reversed on the cross-writ of error, with directions to the District Court to enter judgment for $10,193.61 in favor of the trustee in bankruptcy.