## WILKINSON v. MASSACHUSETTS BONDING & INS. CO. et al.[*]

(Circuit Court of Appeals, Fifth Circuit. December 6, 1926.)

No. 4725.

**1. Appeal and error ☞1192—Mandate on reversal is to be construed reasonably.**

The mandate of an appellate court is to be interpreted reasonably and not in a manner to do injustice, and the opinion delivered by that court when it rendered the judgment may be consulted to ascertain what was in controversy in that court and what was intended by its mandate.

**2. Interest ☞47(1)—Trustee, on recovery of money wrongfully taken from estate, is entitled to interest from date of suit.**

A trustee in bankruptcy, who sues to recover money wrongfully taken from the estate, is entitled to interest on the amount recovered from the date of filing of his suit.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action at law by W. W. Wilkinson, trustee in bankruptcy of the Walker Grain Company, against the Massachusetts Bonding & Insurance Company and others. From the judgment, plaintiff brings error. Reversed and remanded.

See, also, 3 F.(2d) 875.

Stanley Boykin and H. C. Ray, both of Fort Worth, Tex. (George M. Conner, Capps, Cantey, Hanger & Short, and Boykin & Ray, all of Fort Worth, Tex., on the brief), for plaintiff in error.

O. K. Shannon, Jr., of Fort Worth, Tex., W. E. Spell, of Waco, Tex., and H. T. McGown, of Fort Worth, Tex. (Slay, Simon & Smith, of Fort Worth, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, the trustee of the estate of Walker Grain Company, a bankrupt (herein called the plaintiff), against the sureties on a bond given by the bankrupt to supersede an order appointing a receiver of the bankrupt's assets, which order was sustained by this court. When

*Rehearing denied January 12, 1927.

the case was formerly in this court, a judgment rendered therein in favor of the plaintiff was reversed on a cross-writ of error sued out by the plaintiff. Massachusetts Bonding & Ins. Co. v. Wilkinson, 3 F.(2d) 875. The mandate of this court, issued on that judgment of reversal, recited that judgment, which contained the order "that this cause be, and it is hereby, remanded to said District Court, with direction to enter judgment for $10,193.61 in favor of the trustee in bankruptcy, and all costs of court." After the mandate of this court was filed in the District Court, that court entered judgment in favor of the plaintiff for $10,193.61, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum, and all costs of suit. The plaintiff complains of that judgment on the ground that it failed to award interest on the sum stated from the date of the institution of the suit, that sum being what the court found was collected by the bankrupt after the date of the bond sued on. The failure of the court to award interest is sought to be justified on the ground that its judgment literally complied with the terms of the mandate.

[1] The mandate of an appellate court is to be interpreted reasonably and not in a manner to do injustice, and the opinion delivered by that court when it rendered its judgment may be consulted to ascertain what was in controversy in that court and what was intended by its mandate. Re Sanford Fork & Tool Co., 160 U. S. 249, 16 S. Ct. 291, 40 L. Ed. 414; Railroad Co. v. Soutter, 2 Wall. 510, 17 L. Ed. 900; Mackall v. Richards, 116 U. S. 45, 6 S. Ct. 234, 29 L. Ed. 558; Story v. Livingston, 13 Pet. 359, 373, 10 L. Ed. 200; Baltimore Building & Loan Association v. Alderson (C. C. A.) 99 F. 489. The opinion delivered by this court when the case was formerly before it consisted of statements of the nature of the suit, of the fact that the judgment then under review was for an amount which was arrived at by deducting from said sum of $10,193.61 the aggregate of amounts expended by the bankrupt for salaries and other expenses for the preservation of the bankrupt estate, and the following concluding paragraph:

"The questions presented are in substance the same as those in the case of J. L. Walker v. W. W. Wilkinson, Trustee, 3 F.(2d) 872, this day decided, and, following the rulings there made, the plaintiff in error takes nothing, and the judgment is reversed on the cross-writ of error, with directions to the District Court to enter judgment for $10,193.61 in favor of the trustee in bankruptcy."

That opinion, considered in connection with the opinion in the other case referred to, plainly discloses that the decision of the case turned on a single question, namely: Were the sureties liable for the whole amount collected by the bankrupt after the bond was made, or only for so much of that amount as was left after deducting the amount of certain expenses incurred by the bankrupt? The opinion indicates that there was no controversy as to any other feature of the judgment then under review, and that what was intended to be settled was the liability of the sureties for the entire amount collected by the bankrupt after the bond sued on was made. The only provision contained in that opinion for giving any direction to the District Court was as to the one feature of the judgment then under review, which was the sole subject of dispute, namely, the amount of the principal sum which plaintiff was entitled to recover. No question as to the liability of the sureties for interest was then presented or mentioned.

Furthermore the above set out concluding paragraph of the opinion shows that the court intended to follow the rulings made in the other case referred to. The concluding sentence of the opinion in that case orders a direction to the District Court to enter judgment for the full amount of the bond sued on in that case, "together with legal interest." It well could be inferred that this court, in deciding the instant case, did not intend to make a ruling as to interest at variance with the just mentioned ruling in the other case, or, at any rate, that there was an absence of any intention for its direction to the District Court to have the meaning or effect of forbidding that court to award interest, from the date the suit was brought, on the sum adjudged in favor of the plaintiff. The judgment recited in the mandate, when considered in connection with the opinion in pursuance of which it was rendered, fails to show that this court intended to give any direction to the court below which was inconsistent with the making of such an award by that court. We do not think the ruling now in question can be justified on the ground that it was required by the judgment rendered by this court when the case was here before.

[2] It has not been controverted that a trustee of the estate of a bankrupt, who sues to recover moneys wrongfully taken from the estate, is entitled to interest on the amount recovered from the date of the filing of his suit. Kaufman v. Tredway, 195 U. S. 271, 25 S. Ct. 33, 49 L. Ed. 190. The plaintiff was entitled to recover, not only the amount

wrongfully taken by the bankrupt from the estate, but also interest as compensation for the wrongful withholding of that amount. Kishi v. Humble Oil & Refining Co. (C. C. A.) 10 F.(2d) 356. The ruling complained of was erroneous. Because of that error the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.