**S. S. KRESGE CO. et al. v. WINGET KICKERNICK CO. et al.***

**J. C. PENNEY CO., Inc., et al. v. SAME.**

Nos. 10818, 11438, 10819, 11439.

Circuit Court of Appeals, Eighth Circuit.

March 27, 1939.

*Rehearing denied April 25, 1939.

See, also, 96 F.2d 978.

Wilfred E. Rumble, of St. Paul, Minn. (Doherty, Rumble, Butler, Sullivan & Mitchell, of St. Paul Minn., and Sexton, Mordaunt, Kennedy & Carroll, of Minneapolis, Minn.), for appellants.

F. A. Whiteley, of Minneapolis, Minn., for appellees.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

On June 29, 1938, the mandate of this Court (in appeals Nos. 10,818 and 10,819) was filed with the Clerk of the District Court. The mandate directed entry of decrees determining non-infringement of the patents involved, non-infringement of the trademark involved and determining "unfair competition as to the respective defendants * * * and ordering injunction and accounting against such on account of such unfair competition." It commanded also that "such * * * further proceedings be had in said cause, in conformity with the opinion and decree of this Court", etc.

The interlocutory decree[1] entered upon the mandate included the provisions following:

"4. That defendant, S. S. Kresge Company, has been guilty of unfair competition with plaintiffs in and in connection with the sale of bloomer garments marked with the name Kickaway and offered and sold to the public so as to pass off said garments as and for the garments of plaintiffs and to compete unfairly with plaintiffs and to seize and use to the advantage of defendant a part of the good will of plaintiffs' business.

"5. That a perpetual injunction issue out of and under the seal of this court directed to the defendant, S. S. Kresge Company, its officers, employees, attorneys, agents and representatives of every kind and grade, enjoining and restraining it and them from using the term Kickaway or any colorable imitation thereof upon or in connection with the sale of bloomer garments in unfair competition with plaintiffs, and from competing unfairly with plaintiffs and encroaching upon the good will of the business of plaintiffs in any way whatsoever.

"6. That the plaintiffs, Winget Kickernick Company and Mary D. Neilson, do recover of the defendant, S. S. Kresge Company, the profits, gains and advantages which said defendant has derived, received, earned or made, or which defendant shall derive, receive, earn or make, by reason of the aforesaid passing off and unfair competition; and that the plaintiffs do recover any and all damages they have sustained or shall sustain by reason of said violation of the plaintiffs' rights."

Shortly thereafter, the defendants filed a joint motion to modify the above decrees in regard to the provisions, above quoted, concerning injunction and accounting. The contention of movants was that the

---

[1] An identical decree was entered in the J. C. Penney Company case.

742

mandate required accounting only as to sales shown to have been made by passing off of their garments for those of the plaintiff. This motion was denied in connection with a painstaking memorandum wherein the trial Judge analyzed our opinion, considered numerous authorities and construed the above quoted portions of his decrees to mean that the injunction restrained use of the term "Kickaway" only "in unfair competition" and that the accounting here should follow "the principles applicable to accountings in trademark infringement cases"—that is, should cover all sales of the designated underwear which bore the mark "Kickaway" and not merely those sales shown to involve palming off. From these decrees, appeals have been taken by the defendants.

The controversy comes before us upon two pleadings. One of these is a "motion to recall mandate for clarification" filed by defendants-appellants. The other is a "petition for an order denying appellants' right to appeal from decrees entered pursuant to mandate of this Court on former appeals and directing dismissal of purported appeals taken by filing notice thereof in the district court," filed by plaintiffs-appellees.

■ As to the motion to recall mandate. The motion should be and is denied. Aside from any question of the jurisdiction of this Court to recall and change a mandate when it has been acted upon by the trial court after expiration of' the term of this Court during which the mandate issued (a matter we expressly do not examine), we think the mandate itself is sufficient. It states what this Court intended. Nevertheless, it is quite understandable how the trial court might have misconceived the purport of the mandate as applied to the situation and contentions presented to it at the time it was called upon to enter decrees in compliance with the mandate.

It is obvious that if the trial court has mistaken our meaning, the parties will be put to large and useless expenditures of time, effort and means. Such should be prevented. It is probable that mandamus directed to the trial Judge is the classical remedy in the situation here (In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Ex parte Dubuque & Pacific R. Co., 1 Wall. 69, 68 U.S. 69, 17 L.Ed. 514, and

Brictson Mfg. Co. v. Munger, Judge, 8 Cir., 20 F.2d 793), yet there can be no doubt of the good faith and willingness of the trial Judge here to comply with the mandate of this Court. Therefore, we think an expression from this Court construing its mandate will be sufficient.

■ We do not doubt the power of this Court, whenever it becomes necessary, to compel execution of its mandates by the trial courts to whom they may be properly directed. By the same token, we do not doubt the power of this Court to construe its mandates whenever it deems it advisable so to do. The exercise of this power is purely discretionary.

■ In the situation here, we think we should exercise that discretion in favor of construing this mandate. What we intended to cover by the accounting and injunctive relief was such instances of palming off as might be shown to have occurred because of similarity of the trademark "Kickaway" to the trademark "Kickernick".

■ As to the petition to dismiss the appeals. The petition is sustained and the appeals will be dismissed. The decrees, from which these appeals, are interlocutory. The only basis possible to be seriously urged for appeals from such character of decrees is that the decrees include granting of an injunction, Title 28, U.S.C. A. § 227. This section of the statutes authorizes appeals from interlocutory injunctive orders or decrees but not from one entered solely in compliance with a mandate from an appellate court having jurisdiction to issue such mandate to the court entering such orders or decrees. No such situation was within the view of Congress when it enacted the above section. To allow such, would result in delay and abuse. A sufficient and speedy remedy for correcting mistakes in complying with mandates exists in mandamus or other appropriate original writ usable by an appellate court to enforce its proper orders.

Orders will be entered, in causes No. 10,818 and No. 10,819, denying the motion to recall the mandate issued therein; and, in causes No. 11,438 and No. 11,439, dismissing the appeals at the costs of appellants. A copy of this opinion will be transmitted by the Clerk of this Court to the trial Court for appropriate action there.