## MILLER v. UNITED STATES.
### No. 10848.

United States Court of Appeals
Sixth Circuit.
April 13, 1949.

Hayden C. Covington, of Brooklyn, N. Y., and Victor F. Schmidt, of Rossmoyne, Ohio, for appellant.

Frank E. Steel, of Cleveland, Ohio (Don C. Miller, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and ALLEN, Circuit Judges.

HICKS, Chief Judge.

This case is here for the second time. At the first trial appellant was convicted by a jury upon an indictment charging that he "did knowingly fail to report for work of national importance," in violation of Sections 305 and 311, Title 50 U.S.C.A. Appendix.

On the first appeal appellant raised the question that the Order, directing him to report for work of national importance, was invalid in that he had not received a preinduction physical examination within ninety days of the order so to report. This contention was rejected by us. Miller v. United States, 6 Cir., 169 F.2d 865, 868.

Appellant further contended on the first appeal that the court erred in excluding, as self-serving, affidavits in his Selective Service file tending to show that he was a minister of Jehovah's Witnesses. Relying upon Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, decided subsequently to the first trial, we remanded the case on the ground that the trial court should have received all the evidence in Miller's Selective Service file, in determining whether there was any basis in fact for classifying him as a conscientious objector rather than as a minister. Under the authority of the Cox case, we held that that determination was one of law. We said [169 F.2d 868]:

"It follows that the district court should have received and considered all the evidence in appellant's Selective Service file which was before the Local Draft Board, for the purpose of determining whether

there was any basis in fact for the classification order. *This is a question of law for the determination of the court, and the case will be remanded for that purpose.* We have already decided, as a matter of law, in conformity with the holding of the trial court, that appellant was not entitled to receive a preinduction physical examination within ninety days of the order to report for work of national importance. *Since only the question of law with respect to classification remains, there is no issue for a jury to consider upon retrial.*

"In accordance with the foregoing, the judgment of the district court is set aside, and the case remanded for further proceedings in conformity with this opinion." (Italics ours.)

At the second trial a jury was waived. The court said:

"If I read that mandate correctly, this Court has only one duty to perform, and that is: Upon the reception in evidence of the Selective Service file of the defendant before the Local Draft Board, then this Court must determine the question of law. That, as I can see it, is all the case is here for."

Concluding that it was acting within the scope of the mandate, the court limited and restricted the evidence introduced at the second hearing to appellant's Selective Service file known as "Government's Exhibit 1." But considering also the evidence introduced at the first trial as he remembered it, and having concluded that there was a reasonable basis in law for appellant's classification, the court resentenced him to imprisonment, although reducing the term. The court declined to permit appellant to testify in his own behalf and also declined to entertain his motion for an acquittal which was based upon several grounds.

Because ours is an appellate jurisdiction from final decisions of the district court, we do not pass upon these matters de novo, since the district court declined to consider them at all. Title 28 U.S.C.A. § 1291.

We are confronted, however, with a matter of serious import, i. e., the conception entertained by the district court of its duty under the mandate issued by this court. The record indicates that the court had some doubt as to whether the second trial was de novo. Appellant's counsel thought that it was, to which the court responded, "Well, it is a de novo trial to the extent of determining the legal question, if there can be such a thing in a criminal case." The court concluded that it was limited and controlled by that portion of the opinion above quoted and especially by the portion which we have italicized, and that no issues of fact were to be determined upon the second trial.

When the opinion is analyzed, we think it means that, upon a remand, appellant's Selective Service file should be put in evidence *in toto,* that the court should consider, as a matter of law, whether there was any basis therein for the classification order; and that this question under the *Cox* case no longer remained one of fact to be determined by a jury. Except for the one question determined adversely to appellant, which we have referred to, this is all that was determined. This court nowhere considered the vital question whether there was any evidence to support the verdict of the jury. Upon the other hand, as indicated by the quotation from the opinion, the court set aside the judgment of the district court and followed this action with the phrase, " \* \* \* and the case remanded for further proceedings in conformity with this opinion."

Upon filing the opinion, the court in due course issued its mandate, to wit: *"It is now hereby ordered, adjudged and decreed by this court that the judgment of the said District Court in this cause be and the same is hereby reversed and the case remanded for a new trial."* (Italics ours.)

By Rule 30 of this court a copy of the opinion accompanies the mandate. This rule in effect makes the opinion a part of the mandate and should be considered in connection therewith, Rogers v. Hill, 289 U.S. 582, 587, 53 S.Ct. 731, 77 L. Ed. 1385, 88 A.L.R. 744, and when so considered we think it clear that a new trial was awarded *in toto* and not upon any one particular issue. We have been cited to no

authority and can find none under which there may be a partial new trial in a criminal case.

In Slocum v. New York Life Ins. Co., 228 U.S. 364, 380, 33 S.Ct. 523, 529, 57 L.Ed. 879, Ann.Cas.1914D, 1029, the court said:

"When the verdict was set aside the issues of fact were left undetermined, and until they should be determined anew no judgment on the merits could be given. The new determination, according to the rules of the common law, could be had only through a new trial, with the same right to a jury as before."

In United States v. Ayres, 76 U.S. 608, 610, 9 Wall. 608, 610, 19 L.Ed. 625, 627, the court said:

"But, it is quite clear, that the order granting the new trial has the effect of vacating the former judgment, and to render it null and void, and the parties are left in the same situation as if no trial had taken place in the cause. This is the legal effect of the new trial by a court competent to grant it."

In Shell Petroleum Corp. v. Shore, 10 Cir., 80 F.2d 785, 786, the court said:

"Ordinarily, after a judgment has been reversed on appeal and the cause remanded, the case stands for trial de novo on the issues properly joined."

In Illinois Power & Light Corp. v. Hurley, 8 Cir., 49 F.2d 681, 683, the court said:

"On the prior appeal this court reversed the judgment and remanded the case for further proceedings in harmony with the opinion. The action being one at law, the reversal of the judgment entitled the parties to a new trial of the action without restriction or limitation."

 We think that the new trial awarded appellant should have been governed and controlled by the same principles, practices and procedure as at the original trial. The court could not adopt the evidence heard upon the first trial as the evidence in the second, however faithfully it endeavored to execute the mandate. As a general rule in all criminal trials the testimony of witnesses shall be taken orally in open court. See Rule 26, Federal Rules of Criminal Procedure, 18 U.S.C.A.

The rule is not changed because the second trial was heard by the court by stipulation instead of by a jury. It cannot be determined in advance what relevant issues may be presented upon the second trial or just what evidence may be introduced tending to establish or refute them. Appellant is entitled to a retrial upon all the relevant issues which he might properly present, and this he has not had. See Gibson v. United States, 329 U.S. 338, 351, 67 S.Ct. 301, 91 L.Ed. 331, note 22; Hawkins v. Cleveland, C. C. & St. L. Ry. Co., 7 Cir., 99 F. 322, 324; Fort Dodge Portland Cement Corp. v. Monk, 8 Cir., 276 F. 113. We do not undertake to particularize the issues which appellant claims were left undetermined by the district court or to forecast what issues may arise upon another trial. These are matters for the consideration of the lower court if and when they are properly presented.

The judgment appealed from is reversed and the case is remanded for trial de novo in accordance with this opinion.