**WALDON v. SWOPE, Warden.**

**No. 12977.**

United States Court of Appeals,
Ninth Circuit.

Dec. 14, 1951.

George W. Hippeli, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., Joseph Karesh, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from an order of the District Court denying appellant's petition for a writ of habeas corpus. The facts leading up to the appellant's conviction and sentence in the Illinois District Court are set out in an opinion by the trial judge upon his denial of Waldon's motion to vacate the sentence. See Waldon v. U. S. D. C., 84 F.Supp. 449. After this denial of the motion to vacate sentence, appellant sought a writ of habeas corpus in the California District Court. This application raised the same issues as the motion to vacate sentence and it also was denied. On appeal, this Court affirmed, 184 F.2d 185; and certiorari was denied, 340 U.S. 912, 71 S.Ct. 292, 95 L.Ed. 659.

On this appeal from a second petition, we are met with issues that have all been raised in the prior proceedings, but which were not discussed in our per curiam in 184 F.2d 185. They are (a) whether the erroneous imposition and partial collection of a fine from Waldon may be challenged in this appeal; (b) whether the petitioner's absence upon the trial court's modification of sentence so as to strike the erroneous fine renders that action void; and (c) whether the absence of women from the petit jury which convicted Waldon renders his conviction void under 28 U.S.C. § 1861 which provides for women on federal jury panels to accord with the state practice.

Disregarding any question about the binding effect of prior determinations of

390

these issues, we may look on this appeal to the allegations of Waldon's petition to see if they have intrinsic merit to justify issuance of the writ.

■ (a) .It is conceded by all that a fine could not legally be imposed on Waldon. The trial court properly struck this part of the sentence; and since the provision for fine is easily severable from the provision for imprisonment, there can be no argument that the entire sentence is void. Bozza v. U. S., 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818. Habeas corpus is not the remedy for the recovery of the fine partially collected from him.

■ (b) Since the modification of sentence is a relief favorable to Waldon and the only relief to which he is entitled, he is not in any way harmed by his absence from the proceeding. He is still properly held pursuant to the judgment; and habeas corpus is not available to him. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

■ (c) Waldon concedes that he raised the issue of absence of women from his jury panel by objection at the trial upon which he was convicted but that he did not brief or orally argue the question on appeal from his conviction. The court on that appeal did not consider the jury issue, stating that the only alleged error concerned the admission of evidence. United States v. Waldon, 7 Cir., 114 F.2d 982. Waldon therefore must be held to have waived his objection. Cf. Rogers v. Squier, 9 Cir., 174 F.2d 348. He does not come within Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, which determined this jury issue on a second review of the appeal from the judgment of conviction despite the failure of the appellant there to assign or argue the question on a prior consideration by the Supreme Court of the same appeal. Here, review is not pursuant to the appeal from conviction. What Waldon seeks is an extraordinary remedy after failing to properly present the issue, in the most orderly way, upon his appeal.

The judgment is affirmed.