4900                                                    313 S. W. 2d 388

Opinion delivered May 19, 1958.

[Rehearing denied June 16, 1958.]

*Thad D. Williams,* for appellant.

*Bruce Bennett,* Attorney General; by *Thorp Thomas,* Ass't Attorney General, for appellee.

Sam Robinson, Associate Justice. Appellant, Luther Bailey, was convicted in the Pulaski Circuit Court, First Division, of the crime of rape, and was sentenced to death. On appeal to this court the judgment was affirmed. *Bailey* v. *State,* 227 Ark. 889, 302 S. W. 2d 796. *Certiorari* to the United States Supreme Court was denied. *Bailey* v. *Arkansas,* 355 U. S. 851. Later, appellant filed in the same court where he was convicted a petition for writ of *habeas corpus* alleging that certain of his constitutional rights had been violated. He alleged specifically that he was denied compulsory process to obtain witnesses, in violation of Art. 2, § 10, of the Constitution of Arkansas, and the Fourteenth Amendment to the Constitution of the United States, and fur-

ther that he is a member of the Negro race and that his conviction is void because Negroes have been systematically limited in selection of petit jury panels in the court where he was tried. He prayed that a writ of *habeas corpus* be issued to the end that the conviction be set aside. The trial court granted the petition to the extent of ordering the superintendent of the penitentiary, where petitioner was confined awaiting execution, to produce the petitioner in court. The petitioner then filed an amendment to the petition for writ of *habeas corpus* and stated: ". . . this is a petition under Act 419 of the 1957 Acts of Arkansas, known as the Uniform Post-Conviction Procedure Act . . . That your petitioner has heretofore sought relief from his conviction by appeal to the Arkansas Supreme Court and by application for writ of *certiorari* to the United States Supreme Court. That the conviction under which the plaintiff is held and was sentenced is void and/or voidable in that he was denied the right of having compulsory process for obtaining witnesses in his favor in violation of Article 2, Section 10 of the Constitution of the State of Arkansas, the Fourteenth Amendment to the Constitution of the United States"; and prayed that his conviction be set aside.

The State, by the Attorney General, resisted the petition and affirmatively pleaded that Act 419 of 1957 is unconstitutional; that the Act would nullify Art. 2, § 11, of the Constitution of Arkansas, providing that the writ of *habeas corpus* shall not be suspended. At a hearing on the petition it was shown that prior to the trial the attorney for the defendant had requested the clerk of the court to issue subpoenas for the jury commissioners who had served as such from 1952 to the March term, 1956, inclusive, and that the court had refused to allow the clerk to issue the subpoenas. The trial court denied the petition, and the petitioner has appealed.

Act 419 of 1957 provides: "Section 1. Any person convicted of a felony and incarcerated under sentence of death or imprisonment who claims that the sentence was imposed in violation of the Constitution of the Unit-

ed States or the Constitution or laws of this State, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under a writ of *habeas corpus,* writ of *coram nobis,* or other common law or statutory remedy, may institute a proceeding under this Act to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction or in any other proceeding that the petitioner has taken to secure relief from his conviction . . .''

It will be noticed that the Act does not apply where the alleged error has been finally litigated or waived in the proceedings resulting in the conviction. Without a doubt the question of whether the trial court erred in refusing to permit the jury commissioners to be subpoenaed was either finally litigated or the point was waived. In the trial of the case on its merits, the attorney for the defendant requested that subpoenas be issued for the jury commissioners who had served over a period of years, and the trial court refused to allow the clerk to issue the subpoenas. If the trial court erred, it was at that point. The defendant was represented by able counsel who had every opportunity to make his record on the point and bring it up on appeal. If he did so, the alleged error was finally litigated. If this was not done, then the alleged error was waived. (As a matter of fact, the question of permitting the jury commissioners to testify was dealt with and disposed of on the first appeal.) If the defendant could at this time take advantage of the alleged error, likewise he could now litigate any other alleged error such as might be alleged to have occurred in the selection of the jury and admission of evidence or in the giving of instructions.

We do not reach the question of the constitutionality of Act 419 of 1957, because constitutional questions are not decided unless the case cannot be disposed of on any

other ground. *Duncan* v. *Kirby*, 228 Ark. 917, 311 S. W. 2d 157, and cases cited therein.

Affirmed.