314

**Luther BAILEY, Petitioner,**

v.

**Lee HENSLEE, Superintendent of the
Arkansas State Penitentiary,
Respondent.**

**Civ. No. 3656.**

United States District Court
E. D. Arkansas, W. D.

Dec. 3, 1958.

Thad D. Williams, Little Rock, Ark.,
for petitioner.

Bruce Bennett, Atty. Gen. of Arkansas, and Thorp Thomas, Asst. Atty.
Gen., for respondent.

HENLEY, District Judge.

On October 22, 1956, Luther Bailey, a
Negro man, hereinafter called petitioner,
was adjudged guilty of the crime of rape
upon the person of a white woman by the
Circuit Court of Pulaski County, Arkansas, First Division, and was sentenced to death; the Supreme Court of Arkansas affirmed, Bailey v. State, 227 Ark.
889, 302 S.W.2d 796, and the Supreme

Court of the United States denied certiorari, Bailey v. Arkansas, 355 U.S. 851, 78 S.Ct. 77, 2 L.Ed.2d 59. Subsequently petitioner filed in the sentencing court a petition for relief from his conviction under the procedure prescribed by Act 419 of the 1957 General Assembly of the State of Arkansas, which statute is the Arkansas version of the Uniform Post-Conviction Procedure Act.[1] The Circuit Court denied the petition, and its action in that regard was affirmed by the Supreme Court of Arkansas, Bailey v. State, Ark., 313 S.W.2d 388. The Supreme Court of the United States again denied certiorari, Bailey v. Arkansas, 79 S.Ct. 101, the mandate providing, however, that the denial was "without prejudice to an application for a writ of habeas corpus in an appropriate United States District Court." The petition for writ of habeas corpus with which we are now concerned was filed by petitioner in this Court on November 22 of the current year.

Petitioner asserts that he is entitled to relief from the judgment of the Pulaski Circuit Court for the reason that such judgment was obtained in violation of rights guaranteed to him by the 14th Amendment of the Constitution of the United States. More specifically, petitioner contends that the trial court wrongfully refused him compulsory process to compel the attendance of certain individuals who have served as jury commissioners in Pulaski County to testify in support of his motion to quash the regular and special panels of the petit jury from which trial jurors in his case were to be drawn, which motion was based upon the theory that the selection of those panels had been characterized by unlawful discrimination against Negroes.

At the conclusion of an informal conference held in chambers on November 24, and attended by counsel for both parties, an order was issued commanding the respondent to show cause why the writ of habeas corpus should not issue as prayed for by petitioner, and staying execution of the death sentence until the petition should be finally disposed of by this court. [2] The order to show cause was made returnable on November 28, and hearing on the petition and the response to the order to show cause was set for November 29.

Respondent timely filed a response, in which he stated that by virtue of a commitment from the Circuit Court of Pulaski County petitioner was being held in the Arkansas State Penitentiary awaiting execution. Attached to the response were certified copies of the commitment, of the mandates of the Supreme Court of Arkansas affirming the judgments of the circuit court that have been mentioned, and the mandates of the Supreme Court of the United States denying certiorari. At the same time respondent filed a memorandum brief in opposition to the petition, and petitioner likewise filed a memorandum brief in support of his position.

At the hearing on November 29 it was agreed that the transcripts of the record in the original case and in connection with petitioner's application under Act

---

1. Insofar as here pertinent that statute provides that: "Any person convicted of a felony and incarcerated under sentence of death or imprisonment who claims that the sentence was imposed in violation of the Constitution of the United States or the Constitution or the laws of this State, or that the court was without jurisdiction to impose the sentence, or that the sentence exceeds the maximum authorized by law, or that the sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under a writ of habeas corpus, writ of error coram nobis, or other common law or statutory remedy, may institute a proceeding under this Act to set aside or correct the sentence, provided the alleged error has not been previously and finally litigated or waived in the proceedings resulting in the conviction or in any other proceeding that the petitioner has taken to secure relief from his conviction. * * *"

2. In the course of the conference the respondent waived formal notice of the filing of the petition.

419 of 1957 should be considered as introduced in evidence, with leave to either party in the event of an appeal to bring before the appellate court, or courts, such portions of those transcripts as might be deemed essential. Said transcripts have now been considered, along with all other papers in the case, the briefs of the parties, and the oral arguments.[3]

As stated, the only basis for the petition is the contention that the constitutional rights of petitioner were violated by the Pulaski Circuit Court when it denied him compulsory process to compel the attendance of the jury commissioners; and while we find, as did the circuit court, in connection with petitioner's application under Act 419, that there was a denial of such process, nevertheless, we are convinced that the petition must be denied.

■ It is well settled, and 28 U.S.C.A. § 2254 specifically provides that, except under unusual circumstances, a State prisoner may not obtain relief from the judgment against him without first exhausting his available State remedies. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Arsenault v. Gavin, 1 Cir., 248 F.2d 777; United States ex rel. Kozicky v. Fay, 2 Cir., 248 F.2d 520, certiorari denied 356 U.S. 960, 78 S.Ct. 997, 2 L.Ed.2d 1067; Ex parte Lee, D.C.R.I., 123 F.Supp. 439, affirmed Lee v. Kindelan, 1 Cir., 217 F.2d 647, certiorari denied 348 U.S. 975, 75 S.Ct. 538, 99 L.Ed. 759; Waldon v. Swope, 9

Cir., 193 F.2d 389. As stated in United States v. Fay, supra, "This usually entails asserting the merits of the alleged deprivation of federally guaranteed rights at each step in the state courts and an attempt to obtain relief from the United States Supreme Court." 248 F.2d at page 521.

■ Under the authorities above cited in order to exhaust his available State remedies petitioner was required to present to the Supreme Court of Arkansas in connection with his first appeal his contention that the trial court erred in refusing his request for process for the jury commissioners. This he did not do. He failed to raise the question either in his motion for a new trial or in his bill of exceptions.

True, petitioner advanced his present contention in his application for relief under Act 419, and in the course of the proceedings in connection therewith it was established that the circuit judge had directed the clerk of the circuit court not to issue subpoenas for the commissioners because they would not be allowed to testify, and the motion to quash would be decided on the basis of the records in the clerk's office.[4] It was held on appeal, however, that the alleged error could not be considered in a proceeding under Act 419 because the scope of that Act is limited to alleged errors which have not been "previously and finally litigated or waived in the proceedings resulting in the conviction", and that the

---

3. Actually, both transcripts were made available to the Court in the course of the conference held on November 24, and the Court was generally familiar with their contents prior to the hearing five days later.

4. The bill of exceptions covering the original trial reflects that the motion to quash the jury panel was filed on the morning that the trial was scheduled to begin, and that a hearing on that motion was the first order of business. The petitioner called the deputy circuit clerk as a witness, and he testified in considerable detail as to the number of Negroes who had been called for jury service during the years referred to in the motion, and the court supplied some

information himself. After that testimony had been taken, counsel for petitioner said: "I now request the Court to allow the Jury Commissioners for all the terms from the 1952 March term until the 1956 March term, inclusive, to testify as to the matters and allegations set out in my motion to quash the regular and the special panel of petit jurors." The Court said: "The Court is going to overrule that motion. The record will reflect what they did." To that ruling the defendant objected and excepted, and the Supreme Court considered that ruling on appeal. The impropriety of the refusal to permit the commissioners to testify is not now urged before this court.

alleged error in denying process had been either finally litigated or waived in the original proceedings. Bailey v. State, supra, Ark., 313 S.W.2d 388. While the Supreme Court, evidently tracking the language of the statute, said that the error, if any, had been either litigated or waived in connection with the first appeal, it is clear from the original opinion, Bailey v. State, 227 Ark. 889, 302 S.W.2d 796, and from the record before us that the matter was not brought to the attention of the Supreme Court, was not litigated therein, and was, therefore, waived.

■ Assuming for present purposes that petitioner's right to have process to compel the attendance of the jury commissioners was a right protected by the due process clause of the 14th Amendment, nevertheless, as Justice Frankfurter pointed out in his concurring opinion in Brown v. Allen, supra, 344 U.S. 443, 503, 73 S.Ct. 397, 444: "Normally rights under the Federal Constitution may be waived at the trial, Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, and may likewise be waived by failure to assert such errors on appeal. Compare Frank v. Mangum, 237 U.S. 309, 343, 35 S.Ct. 582, 59 L.Ed. 969 * * * ." See also Waldon v. Swope, supra, and Carruthers v. Reed, 8 Cir., 102 F.2d 933, certiorari denied 307 U.S. 643, 59 S.Ct. 1047, 83 L. Ed. 1523.

While the rule just stated may not be applicable to one of those extraordinary cases in which a substantial claim goes to the very foundation of a proceeding, as in Moore v. Dempsey, 261 U.S. 86, 43 S. Ct. 265, 67 L.Ed. 543, this is not such a case. Here there is no indication that anyone concerned was trying to prevent the defendant from having a fair trial, or that he was denied a fair trial; he was represented by appointed counsel from the time of his arraignment, more than a month before the trial date, and he was afforded process for certain witnesses, the denial of process for the jury commissioners being evidently purely collateral and incidental to the circuit court's determination that the motion to quash should be decided solely upon the basis of the records in the office of the circuit clerk bearing upon the selection of jurors. In its rulings on questions of evidence during the course of the trial proper, and in its instructions to the jury the circuit court appears to have been careful to protect all of the legitimate rights of the petitioner, and the verdict and judgment were supported by the evidence.

■ The fact that petitioner sought unsuccessfully to raise the question that he now urges in a proceeding under Act 419 does not constitute an exhaustion of State remedies and does not help him here. He had an adequate State remedy at the time of his original appeal and he did not pursue it. In this aspect this case resembles United States ex rel. Stewart v. Ragen, 7 Cir., 231 F.2d 312, in that case a State prisoner filed in the State courts an application for post-conviction relief under the Illinois statute, S.H.A. ch. 38, § 826 et seq.; his application was denied, and he did not appeal; some years later he commenced a similar proceeding based upon substantially the same grounds, and was denied relief on the basis of res adjudicata; petitioner appealed, and the judgment was affirmed and certiorari denied by the Supreme Court of the United States. Petitioner then brought habeas corpus in the federal court, and it was held that he had not exhausted his State remedies. The Court said: "The fact remains, the denial of his first petition under the Illinois Post-Conviction Hearing Act stands unreversed and is final and conclusive. Petitioner, a prisoner under a State Court judgment, did not exhaust his State Court remedies, a condition precedent to federal jurisdiction." 231 F.2d at pages 312, 314.

It is, therefore, considered, ordered and adjudged that the order to show cause heretofore entered be, and the same hereby is, vacated, and that the petition for a writ of habeas corpus be, and the same hereby is, denied.

It is further ordered that petitioner's oral application for a certificate of probable cause, made in the course of the oral argument heard on this date, be, and the same hereby is, denied.

It is further ordered, however, that the Clerk of this Court supply to counsel for petitioner, upon request, and without charge, such portions of the record as he reasonably may require to make application for a certificate of probable cause to one of the judges of the Court of Appeals for this Circuit, or to the Court of Appeals itself, or to the Circuit Justice.