Luther BAILEY, Appellant,

v.

Lee HENSLEE, Superintendent of Arkansas State Penitentiary, Appellee.

No. 17030.

United States Court of Appeals
Eighth Circuit.

Nov. 20, 1962.

Edward V. Trimble and C. C. Mercer, Jr., Little Rock, Ark., for appellant.

Frank Holt, Atty. Gen., and Thorp Thomas, Asst. Atty. Gen., State of Arkansas, Little Rock, Ark., for appellee.

Before JOHNSEN, Chief Judge, and VOGEL, VAN OOSTERHOUT, MATTHES, BLACKMUN and RIDGE, Circuit Judges, en banc.

PER CURIAM.

This is an appeal in forma pauperis from the district court's denials of Luther Bailey's "Petition for Writ of Prohibition and Mandamus" and of his fourth application for a writ of habeas corpus. The appeal constitutes another chapter in a case which has attained capital status and which heretofore has already found its way twice to the Supreme Court of Arkansas,[1] twice to the United States District Court for the Eastern District of Arkansas,[2] twice to this court,[3] and four times to the Supreme Court of the United States.[4]

Bailey is an adult Negro. The present phase of this prosecution emerges from the date set for Bailey's second trial in state court on a charge of rape committed in 1956. The history of the case to March 1961 is set forth in some detail in footnote 3 of our last opinion. Bailey v. Henslee, 8 Cir., 1961, 287 F.2d 936, 938–939. It needs no repetition here.

By that last opinion a panel of this court reached the conclusion that the district court's denial of Bailey's third application for a writ of habeas corpus was erroneous in that Bailey had established an unrebutted prima facie case of limitation of members of his race in the selection of the jury which convicted him. The opinion concluded, p. 948 of 287 F.2d:

"The State of Arkansas is entitled to a reasonable time within which to retry this defendant for the crime charged against him. Pending a retrial by the State, the District Court is directed to grant a stay of execution. If he is retried, the Court is directed to enter a dismissal of Bailey's present petition for release on habeas corpus. If he is not retried within nine months from the filing date of this opinion, the District Court is directed to grant Bailey's petition for a writ of habeas corpus."

The case was remanded for further proceedings consistent therewith.

That opinion was filed in the office of the clerk of this court on March 17, 1961. A timely petition for rehearing was thereafter filed by Superintendent Henslee. It was denied May 4, 1961. Under this court's rule 16(b) the filing of that petition for rehearing automatically deferred the issuance of our mandate. The mandate did go forth on May 16, 1961, and it and a copy of the opinion were received and filed by the district court on the following day. We find that the mandate recited that the cause be remanded.

"* * * for further proceedings consistent with the opinion of this Court filed this day. March 17, 1961.

"YOU, THEREFORE, ARE HEREBY COMMANDED that such proceedings be had in said cause, in conformity with the opinion and

---

1. Bailey v. State, 1957, 227 Ark. 889, 302 S.W.2d 796; Bailey v. State, 1958, 229 Ark. 74, 313 S.W.2d 388.

2. Bailey v. Henslee, 1958, 168 F.Supp. 314; Bailey v. Henslee, 1960, 184 F.Supp. 298.

3. Bailey v. Henslee, 8 Cir., 1959, 264 F. 2d 744; Bailey v. Henslee, 1961, 287 F. 2d 936.

4. Bailey v. Arkansas, 1957, 355 U.S. 851, 78 S.Ct. 77, 2 L.Ed.2d 59; Bailey v. Arkansas, 1958, 358 U.S. 869, 79 S.Ct. 101, 3 L.Ed.2d 101; Bailey v. Henslee, 1960, 361 U.S. 945, 80 S.Ct. 408, 4 L.Ed.2d 364; Henslee v. Bailey, 1961, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78.

judgment of this court, as according to right and justice, and the laws of the United States, ought to be had, the said appeal notwithstanding."

On May 23, 1961, the district court, in compliance with our opinion and mandate, issued its Order for Stay of Execution. This order, however, also recited,

"Provided, however, that if Petitioner is retried within nine months from May 17, 1961, the filing date of said opinion of the Eighth Circuit Court of Appeals in the clerk's office of the United States District Court for the Eastern District of Arkansas, for the crime of rape allegedly committed by him in Pulaski County, Arkansas, on or about June 14, 1956, respondent may apply to this court for dismissal of this petition for a writ of habeas corpus and this stay of proceedings:

"Provided further, that should Petitioner not be retried within said period, writ of habeas corpus will then be granted."

A copy of the order was promptly mailed to Bailey's counsel.

In late July 1961, after the mandate had thus gone forth and without any prior request for its stay under our Rule 16(c), the Superintendent filed a petition for certiorari with the United States Supreme Court. No recall of our mandate was sought or took place. Certiorari was denied on October 16, 1961. Henslee v. Bailey, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78.

Bailey's counsel, meanwhile, moved to California. As a consequence, at the time of Bailey's rearraignment two new attorneys were appointed by the state court to represent the defendant on his second trial. The rearraignment took place on October 3, 1961, a date prior to the denial of certiorari. At that time the state Judge, being fully aware of the federal court's stay order of May 23, 1961, and with the acquiescence of counsel, set the second trial for January 29, 1962. The trial in fact began on that day. On the same day Bailey's attorneys filed in the federal district court his present "Petition for Writ of Prohibition and Mandamus." On the following day Bailey filed his present application for a writ of habeas corpus. The grounds asserted for both applications were that Bailey was not retried within the time specified in our opinion and that the nine month period had expired on December 17, 1961.

The state Judge testified in the federal hearing that on October 3 he read the stay order of May 23, 1961, to Bailey and to his new counsel and that none of the three expressed any objection to the date suggested for the second trial. He also testified that he set the case as late as he did so as to give Bailey's new counsel ample time to prepare the defense.

It is obvious that Bailey was not retried by the State of Arkansas within nine months from the date (March 17, 1961) on which our opinion at 287 F.2d 936 was filed with our clerk. It is equally obvious, however, that the trial was under way within nine months of the date (May 17, 1961) when this court's mandate and opinion were received by the federal district court. In view of this last fact, the district court, consistent with its order of May 23, 1961, denied Bailey's current application for the writ and granted the Superintendent's motion for its dismissal. It did so in an unreported memorandum filed February 16, 1962, containing the following language:

"Bailey's petition for a writ of habeas corpus will be denied—first, for the reason that in my opinion the effective date of the mandate and the opinion accompanying it was May 17, when it was filed in the Clerk's office of the United States District Court for the Eastern District of Arkansas; and second, if March 17 be the effective date, that the State of Arkansas initiated effective and orderly procedures for the trial of Bailey within nine months from that time."

The state's argument here is, first, that the nine month period began only on May 17 and not on March 17, 1961, and, second, that because neither Bailey nor his new attorneys offered any objection to the setting of the case for trial on January 29, 1962, the nine month condition was thereby waived. The defense takes issue with both arguments.

■ We consider the waiver point first. We think it was not incumbent upon the defense, in the face of an opinion and mandate of the kind issued in this case, to see that the new trial took place within the time limited. That was the responsibility of the prosecution. The denial of the third application for the writ of habeas corpus had been reversed but it was for the proper accommodation of the Superintendent and the State, not the defense, that the issuance of the writ was deferred. In order to prevent the fulfillment of the condition it was the responsibility of the State to get the second trial under way. We therefore cannot subscribe to any theory that Bailey himself, by not objecting to the trial date, or his new counsel, by silently accepting it, waived the nine month time factor.

■ This brings us to the issue of the time factor itself and to the determination of the date from which the nine month period began. The language in our opinion and that in the mandate was inept. It could have been more specific so that there would be no misunderstanding. On the other hand, the Superintendent and the State could have avoided the present issue completely by bringing the case to trial prior to December 17, 1961, the date marking the expiration of the earliest possible nine month period which the language in question could be claimed to specify. This they did not do. Neither did they seek clarification of the mandate by application to us. They chose, instead, to run the risk that the new trial was in time.

We agree with the district court that the proper remedy for Bailey to pursue here was habeas corpus and not mandamus or prohibition. We therefore conclude that the court's denial of the application for the latter remedies was correct. See Kabadian v. Doak, 1933, 62 App.D.C. 114, 65 F.2d 202, 205, cert. den., Kowal v. Perkins, 290 U.S. 661, 54 S.Ct. 76, 78 L.Ed. 572; In re Huguley Mfg. Co., 1902, 184 U.S. 297, 301, 22 S.Ct. 455, 46 L.Ed. 549; Ex parte Oklahoma, 1911, 220 U.S. 191, 208, 31 S.Ct. 426, 55 L.Ed. 431; Brictson Mfg. Co. v. Munger, 8 Cir., 1927, 20 F.2d 793, 794; 55 C.J.S. Mandamus § 17; 73 C.J.S. Prohibition § 15; 34 Am.Jur., Mandamus, § 42; 42 Am.Jur., Prohibition, § 8.

We also agree, of course, with Bailey's argument that the district court, when it received our mandate, had no choice except to comply with it and to carry it into execution. The court could not vary it as to any matter within its compass. In re Sanford Fork & Tool Co., 1895, 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414; Kansas City Southern Ry. Co. v. Guardian Trust Co., 1930, 281 U.S. 1, 11, 50 S.Ct. 194, 74 L.Ed. 659; Briggs v. Pennsylvania R. Co., 1948, 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403; Thornton v. Carter, 8 Cir., 1940, 109 F.2d 316, 319–320. A mandate which reverses a trial court's judgment and remands the case for further proceedings consistent with the court's opinion operates to make that opinion a part of the mandate. United States v. Iriarte, 1 Cir., 1948, 166 F.2d 800, 803, cert. den. 335 U.S. 816, 69 S.Ct. 36, 93 L.Ed. 371; Miller v. United States, 6 Cir., 1949, 173 F.2d 922, 923. See Rogers v. Hill, 1933, 289 U.S. 582, 587, 53 S.Ct. 731, 77 L.Ed. 1385. Our opinion, therefore, can be consulted in order to ascertain what was intended by the mandate and this court may construe its own mandate.[5] In re Sanford Fork & Tool Co., supra, p. 256 of 160 U.S., p. 293 of 16 S.Ct.; S. S.

5. But our interpretation of the scope of our mandate is not necessarily controlling for it does not bind the Supreme Court. F. C. C. v. Pottsville Broadcasting Co., 1940, 309 U.S. 134, 141, 60 S.Ct. 437, 84 L.Ed. 656; N. L. R. B. v. Donnelly Garment Co., 1947, 330 U.S. 219, 227, 67 S.Ct. 756, 91 L.Ed. 854.

Kresge Co. v. Winget Kickernick Co., 8 Cir., 1939, 102 F.2d 740, 742, cert. den. 308 U.S. 557, 60 S.Ct. 79, 84 L.Ed. 468. The mandate is "to be interpreted reasonably and not in a manner to do injustice". Wilkinson v. Massachusetts Bonding & Ins. Co., 5 Cir., 1926, 16 F.2d 66, 67.

Our opinion could not operate to command any legal action in the proceedings until it ripened into a judgment formally communicated to the district court. It then follows, it seems to us, that the nine month period ran only from the date our mandate and opinion were filed with *that court*. Then and only then did they become effective. Then and only then did formal notice come to the district court of the result of the appeal to this court. Then and only then did the stay terminate which, under Rule 38(a) (1), F.R. Cr.P., was in effect pending the appeal. Compare also Rule 35, F.R.Cr.P. The opinion, of course, was made available earlier to counsel under this court's Rule 14(c) and to the district court when copies of the "slip opinion" were routinely delivered to them. Similarly, our judgment was entered in our own records under our Rule 14(b) on the date it was filed with our clerk. But this court, as does any appellate court, acts formally and officially only through its mandate. United States v. Howe, 2 Cir., 1922, 280 F. 815, 820, 23 A.L.R. 531, cert. den. 259 U.S. 587, 42 S.Ct. 590, 66 L.Ed. 1077. See Egbert v. St. Louis & S. F. R., Co., 1915, 50 Okl. 623, 151 P. 228, 230. Until that document issues, the opinion is easily subject to withdrawal or change as, for example, in response to a petition for rehearing. It is entirely possible, and it might have happened in this very case, for a mandate, by appropriate stay procedures through the filing of a petition for rehearing and during the pendency of a petition for certiorari to the Supreme Court, to be withheld for a period longer than nine months after an opinion is filed with our own clerk. In that event the nine month period expressed in the opinion would, as a practical matter, be meaningless if it were to run from the date of the opinion.

We therefore construe our mandate to the effect that the designated period runs from the date of the filing of the mandate and opinion with the district court. As we stated above, and as the Supreme Court said, in Rogers v. Hill, supra, p. 587 of 289 U.S., p. 733 of 53 S.Ct., "A direction for proceedings in accordance with the 'opinion' makes it a part of the mandate." The beginning date in this case was thus May 17, 1961. The record shows that the second state trial began well within nine months from that date. The denial of the current application for the writ of habeas corpus was, as a consequence, proper.

Affirmed.

VOGEL, Circuit Judge (concurring separately).

I concur in the result. There is no question but what the State of Arkansas was entitled to a reasonable time within which to try the defendant. This we stated in the original opinion. At the time of the writing of that opinion, we believed that a reasonable time for retrial was nine months from the filing date of our opinion. Subsequent events, such as the filing of the petition for rehearing and its consideration and later denial, the filing of a petition for writ of certiorari in the Supreme Court and its consideration and denial on October 15, 1961, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78, the necessary withdrawal of defendant's counsel and the substitution of two other attorneys who were completely unfamiliar with the details of the case, and the continuance from October 3, 1961 to January 29, 1962 to allow them time to gain such familiarity and to properly prepare for the trial of this capital case —all of these things together necessitate the conclusion that nine months from the filing date of our opinion was *not* a reasonable time.

A Court of Appeals is free to disregard the literal wording of its mandate on some minor point of limitation where subsequent events indicate that the purpose of such limitation is without foundation and where to follow such literalistic interpretation would create manifest in-

justice. See Milwaukie and Minnesota Railroad Company v. Soutter, 1864, 2 Wall 510, 69 U.S. 510, 17 L.Ed. 900; Wilkinson v. Massachusetts Bonding & Ins. Co., 5 Cir., 1926, 16 F.2d 66, 67. See also Ex parte Marks, 9 Cir., 1905, 136 F. 168, 170. The "reasonable time" limit is undoubtedly the more important facet. The "nine months" definition of reasonable time has been shown by subsequent happenings to be inadequate. The State of Arkansas has carried out the broader limitation of reasonable time.

Had Arkansas been forced to retry the defendant within nine months from the filing date of our opinion, there would have been gross injustice resulting to the defendant because of lack of time for preparation by his new counsel. To now deny Arkansas the right of retrial because it pursued its legal remedies of review and also attempted to protect the defendant by granting an extension would be grossly unjust to Arkansas. For the reasons stated, I concur in the result.