**MILLER v. UNITED STATES.**

No. 10603.

Circuit Court of Appeals
Sixth Circuit.

Aug. 16, 1948.

H. C. Covington, of Brooklyn, N. Y.
(Victor F. Schmidt, of Rossmayne, Ohio,
and Hayden C. Covington, of Brooklyn,
N. Y., on the brief), for appellant.

Frank E. Steel, of Cleveland, Ohio (Don
C. Miller and Frank E. Steel, both of
Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, McALLISTER, and
MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

James Renwick Miller was convicted by
a jury for violation of Sections 305 and
311 of Title 50 of the United States Code
Annotated, for failing to report for work
of national importance, after receiving an
order to that effect issued by the Local
Draft Board in Girard, Ohio.

On appeal, Miller contends, first, that
the order to report was void because he
was not given a preinduction examination
within ninety days of that order, as prescribed by the regulations issued under the
Selective Service Act. Further, he maintains that it was reversible error to exclude
from evidence the affidavits in his Selective Service file which tended to show his
activities as a minister. He also insists
that he qualified, under the law, as a regular minister of religion, regardless of his
secular employment, and that such qualification required the Local Board to exempt
him from military service. Its failure to
do so and the classification of Miller as a
conscientious objector were, appellant insists, in excess of the jurisdiction of the
Local Board.

On behalf of the government, it is contended that the requirement that a preinduction physical examination be given not
more than ninety days before induction,
applies solely to those taken into the armed
forces. In answer to appellant's argument
that the trial court erroneously excluded
affidavits from appellant's Selective Service file, appellee asserts that the ruling of
the trial court was proper; and it contends
that there was no showing that the Local
Draft Board acted arbitrarily and capriciously and beyond its jurisdiction in its
classification of appellant.

Appellant, a mechanic by trade, was employed by the Republic Steel Company in

Ohio when he registered for Selective Service on February 15, 1942. On August 20, 1942, he filed a Selective Service questionnaire, setting forth that he was a minister of Jehovah's Witnesses. He was given a classification designated as 3-B on October 12, 1942, and, subsequently, a classification, designated as 3-A, on June 14, 1943. Neither of these classifications was made on the basis of his claimed status as a minister.

In December, 1943, appellant moved to Arizona, where he continued to act as a minister of Jehovah's Witnesses while employed as a mechanic; and, during the time he was there, he was classified by the Local Draft Board in Ohio as 1-A, or, as suitable for induction into the armed forces of the United States; and, on March 6, 1944, was ordered to report for a preinduction physical examination. On April 19, 1944, he requested that this preinduction examination be given in Arizona, and, pursuant to this request, his records were transferred to that state, and the examination given there on April 24, 1944. This was the only physical examination which he received. On November 6, 1945, more than a year and a half later, the Ohio Board issued its order to appellant to report for work of national importance. Appellant failed to comply with this order, and, as a consequence, he was indicted on May 15, 1946, by the grand jury for violation of the above mentioned statute, and entered a plea of not guilty.

Appellant testified that he was a member of Jehovah's Witnesses, that he had studied its doctrines for approximately five years, and that he had been ordained a minister on March 30, 1942. Since that time, he declared that he had engaged in his ministerial duties, without compensation, while supporting himself by other labors.

On the trial, portions of the Selective Service file were offered by appellant and admitted into evidence. Certain affidavits which were part of the file, and which appellant claimed he relied upon as showing that he was a minister of Jehovah's Witnesses, were excluded. The trial court ruled that such documents were not admissible because they were self-serving and because there was no opportunity to cross-examine the affiants, stating that, while the affidavits might have been useful to the Local Draft Board in its consideration of the case, they were not pertinent to the criminal prosecution.

We come, first, to the question whether the failure to give appellant a preinduction examination within ninety days of the order requiring him to report for work of national importance made the order void.

The statute, here applicable, relating to the examination of registrants under the Selective Service law, is Title 50 U.S.C.A. Appendix, § 304a, which provides:

"Any registrant within the categories herein defined when it appears that his induction will shortly occur shall, upon request, be ordered by his local board in accordance with schedules authorized by the Secretary of War, the Secretary of the Navy, and the Director of Selective Service, to any regularly established induction station for a preinduction physical examination, *subject to reexaminations.*

"The commanding officer of such induction station where such physical examination is conducted under this provision shall issue to the registrant a certificate showing his physical fitness or lack thereof, and this examination shall be accepted by the local board, *subject to periodic reexamination.* Those registrants who are classified as 1-A at the time of such physical examination and who are found physically qualified for military service as a result thereof, shall remain so classified and report for induction in regular order." (Italics supplied.)

This provision marked a change in the law because it provided for a physical examination prior to induction. Gibson v. United States, 329 U.S. 338, 67 S.Ct. 301, 91 L.Ed. 331. It also provided that the registrant should be "subject to reexaminations" and that those qualified as 1-A should report for military duty. Nothing is said respecting those otherwise classified.

There were two kinds of regulations promulgated under Section 304a; one type was for the Army, and the other, for

civilians who were exempt from Army service.

The Army regulation is listed as No. 615-500(e). It provides that: "e. Registrants forwarded for induction.—Registrants forwarded for induction will ordinarily have had a preinduction physical examination within 90 days and will require only a physical inspection. Registrants so forwarded, who have not been previously examined, or who have been previously examined and found not acceptable, or who have been examined and found acceptable more than 90 days previously, will be given a complete examination. The preinduction physical examination will be void after 90 days from the date of the examination shown on DSS Form No. 221."

Appellant argues that this Army regulation is applicable to his case although he comes under the Selective Service system, and relies upon United States v. Balogh, 2 Cir., 160 F.2d 999, certiorari denied 331 U.S. 837, 67 S.Ct. 1522, 91 L.Ed. 1850. But in that case, the Army regulation was distinguished from the civilian Selective Service Regulation in the following terms: "So much for the Army Regulation. The Selective Service Regulations which * * * are paramount to them in authority, contained a provision—originating we cannot learn when—also invalidating a physical examination after 90 days; *but it was repealed on July 3, 1944;* and, at least after July 23, 1945, the only relevant provision of these regulations read as follows: 'Every registrant before he is ordered to report for induction shall be given a pre-induction physical examination.'" 160 F.2d page 1000. (Italics supplied.)

The Selective Service Regulation above quoted by the court in the Balogh case is the regulation for civilians; as distinguished from the Army regulation. It is from Section 629.1 of Amendment 200, effective January 10, 1944.[1] This regulation provides for a physical examination without specifying any time limit within which it was required to be given; and was subsequently amended by Amendment

No. 210, effective February 2, 1944, and designated as Section 653.11,[2] which provided for the noting of the acceptance of the registrant upon his reporting for work of national importance. See Gibson v. United States, supra, 329 U.S. pages 348, 349, 67 S.Ct. 301, 91 L.Ed. 331.

It is to be observed that Section 304a of the statute, under which these regulations were adopted, does not require that there be ninety days between induction and examination, even for the Army. That is left to the Army regulations. Although the statute specifies reexaminations, it does not state at what interval they should be given. That is also left to the regulations. The statute governs only those classified as 1-A, and qualified for military service. It says nothing about those who, though physically fit, are exempted from service because of their beliefs.

■ It follows from the foregoing that an examination need only be given at some time prior to the order to report for work of national importance; and the appellant's motion for judgment of acquittal which was based upon the ground that he did not receive a preinduction physical examination within ninety days of the order to report, was properly denied by the district court.

Appellant advances the further contention that the trial court committed reversible error in excluding from evidence affidavits in appellant's Selective Service file, which tended to show that he was a minister of Jehovah's Witnesses.

The power of the court to review the action of a Local Draft Board depends upon Section 310(a) (2) of Title 50 of the United States Code Annotated, which provides in part: "Such local boards, under rules and regulations prescribed by the President, shall have the power within their respective jurisdictions to hear and determine, subject to the right of appeal to the appeal boards herein authorized all questions or claims with respect to inclusion for, or exemption or deferment from, training and service under this Act of all individuals within the jurisdiction of such local boards. The decisions of such local

---

[1] 9 F.R. 440-2.    [2] 9 F.R. 1416.

boards shall be final except where an appeal is authorized and is taken in accordance with such rules and regulations as the President may prescribe."

In Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, the court, in interpreting the foregoing provision of the statute, said: "The provision making the decisions of the local boards 'final' means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weight the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." 327 U.S. page 122, 66 S.Ct. page 427, 90 L.Ed. 567.

In the case above cited, the court sustained the defense that the action of the local board in rejecting a registrant's claim of exemption as a minister of religion and classifying him as available for military service was beyond its jurisdiction.

In the present case, appellant was permitted to testify as to his alleged ministerial activities, and the case was tried as though it were a question of fact for the jury to determine whether appellant was a regular minister of religion and thus exempt from military service. It was largely, perhaps, because of this manner of proceeding that the trial court excluded from evidence several affidavits from appellant's Selective Service file on the ground that they were inadmissible because they were self-serving statements; and there would have been no doubt about the propriety of such a ruling, if the question were one of fact for the determination of the jury. The circumstance that appellant was allowed freely to testify as to his performance of duties as a minister of religion, but that objections were immediately made by government counsel to the introduction of the affidavits, may well have caused the trial court to assume that the question of appellant's status as a minister was for the jury. But in United States v. Stalter, 7 Cir., 151 F.2d 633, 634, it was held that witnesses, in a habeas corpus proceeding, could not properly testify to the relator's activity as a minister of Jehovah's Witnesses. The court said: "It must be remembered that the sole question decided by the Selective Service System was that of relator's classification. That issue was determinable both by the Local Board and the Board of Appeal from the evidence contained in relator's file. It is our view that the court could not properly consider evidence other than that which was considered by the Selective Service System."

In Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, which was decided subsequent to the trial of the present case, it was held that the question whether a local board's denial to a defendant of the classification of minister of religion was without basis in fact, is a question of law for the determination of the court; and in a criminal trial, review of the local board's classification was properly limited to the evidence which was before the board and upon which it acted. It is for the trial judge and the reviewing courts to determine whether there was any basis in fact for the classification order. "When the judge determines that there was a basis in fact to support classification, the issue need not and should not be submitted to the jury. * * * Consequently when a court finds a basis in the file for the board's action that action is conclusive. * * * Upon the judge's determination that the file supports the board, nothing in the file is pertinent to any issue proper for jury consideration." Cox v. United States, supra, 332 U.S. page 453, 68 S.Ct. page 120.

■■ It follows that the district court should have received and considered all the evidence in appellant's Selective Service file which was before the Local Draft Board, for the purpose of determining whether there was any basis in fact for the classification order. This is a question of law for the determination of the court, and the case will be remanded for that purpose. We have already decided, as a matter of law, in conformity with the holding of the trial court, that appellant was

not entitled to receive a preinduction physical examination within ninety days of the order to report for work of national importance. Since only the question of law with respect to classification remains, there is no issue for a jury to consider upon retrial.

In accordance with the foregoing, the judgment of the district court is set aside, and the case remanded for further proceedings in conformity with this opinion.