Daniel Howard JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

John Franklin TAYLOR, Appellant,

v.

UNITED STATES of America,
Appellee.

Manuel Sanchez GALLEGOS, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 16679, 16726, 16725.

United States Court of Appeals
Ninth Circuit.

Dec. 12, 1960.

Rehearings Denied Jan. 26, 1961.

See also 285 F.2d 703.

J. B. Tietz, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Wm. Bryan Osborne, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, STEPHENS, POPE, BARNES, HAMLEY, HAMLIN, JERTBERG, MERRILL and KOELSCH, Circuit Judges.

BARNES, Circuit Judge.

All three appellants were convicted of knowingly failing to perform a duty required under the Universal Military Training and Service Act. 50 U.S.C.A. Appendix § 462.

Johnson failed to obey the order to report at the local board office, and Gallegos and Taylor failed to report to the assigned work after reporting to the local board office. Each appellant was tried without jury. Johnson was given a term of three years and Taylor and Gallegos were given terms of five years each. This court has jurisdiction on appeal. 28 U.S.C. § 1291.

All the appellants are members of Jehovah's Witnesses. All, after extended proceedings before their draft boards, were classified as conscientious objectors and ordered to report for civilian work at the Los Angeles County Department of Charities. All refused to report for work. Many of the points herein raised have recently been passed upon by this court in Yaich v. United States, 9 Cir., 1960, 283 F.2d 613 (petition for rehearing denied).

Seven questions are raised on this consolidated appeal. Two relate to Taylor alone, and will be considered in a separate opinion. One relates to Johnson alone and will be treated herein, as well as the four questions common to all three appellants.

### A. Was there proof of approval of the prosecution by the national director?

In all three files the fact of director approval was "proved" by a letter of the state director stating that the national director had approved the prosecution. Appellants claim that in Johnson the letter was not admitted so that there was no evidence of approval and that the letters were improperly admitted in Gallegos and Taylor, since they constituted hearsay, and were not admissible under 28 U.S.C. § 1732, or Rule 44 of the Federal Rules of Civil Procedure, 28 U.S.C., and Rule 27 of the Federal Rules of Criminal Procedure, 18 U.S.C.

■ The letters would be admissible to show the fact of the national director's statements that the cases should be pros-

ecuted, if not the truth of those statements. There is no relevant "truth" to the statement of the national director in the hearsay sense, so the letters should be admissible in evidence.

Additionally, the letters are admissible even if hearsay, under the ruling in Kariakin v. United States, 9 Cir., 1958, 261 F.2d 263, that they constitute an official record, under Rule 44, Fed.R.Civ.P.

The government brief points out the evidence in the selective service files which would support a presumption of official regularity, i. e., letters of transmission to the national director plus the undisputed fact that the prosecutions were initiated.

■ But there is a further reason for finding no error. The acts which constitute the crime, and which the government must prove, must all take place before the regulations require approval by the national director. These appellants were not convicted of offending the national director, but of failing to obey a lawful order of the draft board. The crime was complete before the cases were referred to the national director. If there was an assertion that the director in fact did not approve of the prosecution, or proof that he did not do so, it would appear that the criminal liability of the defendants in these cases would not be affected. Cf: United States v. Sullivan, 1954, 348 U.S. 170, 78 S.Ct. 182, 99 L.Ed. 210, a case in which the Supreme Court rejected a similar contention that approval was necessary.

### B. Did the work assigned meet the requirements of law?

The appellants were ordered to work for the Los Angeles County Department of Charities. They complain that there was no proof in the record that this was a suitable place for them to perform their civilian work.

■ The regulations show that employment by a political subdivision of a state is expressly approved. It is proper for the judge to take judicial notice of the fact that this was work for such a political subdivision. Further, the Los Angeles Department of Charities has been judicially approved as suitable for conscientious objectors. Klubnikin v. United States, 9 Cir., 1955, 227 F.2d 87, certiorari denied 350 U.S. 975, 76 S.Ct. 453, 100 L.Ed. 846.

### C. Were three valid types of work offered?

■ The regulations require a tender of three places for civilian employment before an objector is ordered to work. This was done in these cases, but appellants contend that two of the choices were not valid. These choices were Goodwill Industries and White Memorial Hospital. Appellants cite cases to show that some private employment may be improper, if religiously offensive to the objector, relying principally on United States v. Copeland, D.C.D.Conn.1954, 126 F.Supp. 734. It should be noted that the Copeland case dealt with a situation where the objector had been ordered to report to an objectionable place, *not* offered the chance to work there, as is the case here.

The Copeland case was rejected by the Seventh Circuit. United States v. Hoepker, 7 Cir., 1955, 223 F.2d 921, certiorari denied 350 U.S. 841, 76 S.Ct. 81, 100 L.Ed. 750.

### D. The necessity of a physical examination.

The regulations require that a physical examination be given to everyone within 120 days of the time they report for induction. Appellants contend that this should apply to persons ordered to report for civilian work.

■ The government states that there was no indication that any change in any of the appellants' physical conditions had occurred since the examination in which they were classified originally. The duty is on the prospective inductee to inform the draft board of any such change in physical condition. The government argues that since the appellants were not to live under the stress of military conditions that the need for an ex-

amination just prior to commencement of service did not exist.

In two circuits the contention pressed by appellants here has been rejected. United States v. Manns, 7 Cir., 1956, 232 F.2d 709; Miller v. United States, 6 Cir., 1948, 169 F.2d 865. We likewise reject it.

#### E. *(As to Johnson only) Denial of due process.*

Appellant argues that he was denied due process when his prima facie case for an occupational deferment was ignored. The government argues that it was not a prima facie case, and that further, in order to qualify for an exemption, the registrant must bear the burden of proof. Here there was evidence which the board might well have believed which showed that the appellant was only fishing on a part time basis. There was no evidence to show that: 1. Appellant produced a "substantial quantity" of agricultural commodities; 2. That he could not be replaced; and 3. That his removal would cause a material loss of effectiveness in agricultural activity. All appellant said was that he was a commercial fisherman and perhaps a prospective one at that. Thus no prima facie case of an occupational deferment was established, and Dickinson v. United States, 1953, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132, is inapposite. We find Sullivan v. Swatzka, 9 Cir., 1945, 148 F.2d 965, 966, certiorari denied 326 U.S. 752, 66 S.Ct. 90, 90 L.Ed. 450, controlling. Cf: also Imboden v. United States, 6 Cir., 1952, 194 F.2d 508, 512.

#### Conclusion

Finding no error as to appellants Johnson, No. 16679, and Gallegos, No. 16725, we affirm their judgments of conviction.

Neither do we find error as to appellant Taylor, No. 16726, with respect to the questions he has raised which have been herein treated. We desire to, however, and we will, consider the two points peculiar to his appeal in a separate opinion, 285 F.2d 703.