Manuel Sanchez GALLEGOS, Appellant,

v.

UNITED STATES of America, Appellee.

Daniel Howard JOHNSON, Appellant,

v.

UNITED STATES of America, Appellee.

John Franklin TAYLOR, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 17330–17332.

United States Court of Appeals Ninth Circuit.

Nov. 6, 1961.

880

See also, 285 F.2d 703.

1. There Judge Swain relied on (a) Operations Bulletin No. 70 of the Selective Service Administration, which was issued on June 19, 1952, which reads: "It is not necessary that Class I-0 registrants be re-examined [physically] in the event they are not ordered to report to work within the 120 days following completion of their first mental and physical examination. * * *", however, such a re-examination "may" be ordered; and

J. B. Tietz, Los Angeles, Cal., for appellants.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division and William Bryan Osborne, Asst. U. S. Atty., Asst. Chief, Criminal Division, Los Angeles, Cal., for appellee.

Before BARNES and HAMLEY, Circuit Judges, and FOLEY, District Judge.

PER CURIAM.

Here involved are three appellants, each heretofore convicted of knowingly failing and neglecting to perform a duty severally required of him under the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462, to-wit: Johnson refused to obey an order to report to the local board office, and Gallegos and Taylor failed to report for work, after reporting to the local board office. Each conviction was heretofore affirmed by this court, sitting *en banc.* Johnson v. United States, 9 Cir. 1960, 285 F.2d 700. We held that the requirement that a physical examination be given to every registrant within one hundred and twenty days prior to the time he reported for induction into the armed services does not apply to persons ordered to report for civilian work in lieu of military service.

We relied, in part, on United States v. Manns, 7 Cir. 1956, 232 F.2d 709 at 712,[1] and Miller v. United States, 6 Cir. 1948, 169 F.2d 865, which pointed out the different rule when a registrant is required to report for induction into the armed services, from that when the registrant reports for the non-combatant work of his choice.[2] We rejected appellants'

(b) United States v. Thomas, E.D.Ill. 1954, 124 F.Supp. 411, affirmed in United States v. Hoepker, 7 Cir. 1955, 223 F.2d 921, without mention of the point here involved.

2. "Section 304a of the statute, under which the regulations were adopted, does not require that there be ninety days between induction and examination, even for the Army. That is left to the Army regulations. Although the statute spec-

argument, believing the "different stresses" rationale sound. The regulations require only that a physical examination be given to anyone within one hundred and twenty days prior to "induction."

This court, *en banc*, thereafter denied petitions for rehearings in all three cases.

Thereafter each appellant filed in the court below a motion for new trial based solely upon the ground of "newly discovered evidence." (Fed.R.Crim.P. 33, 18 U.S.C.A.)

█ A motion for a new trial based upon the ground of newly discovered evidence must meet the following five requirements (Pitts v. United States, 9 Cir. 1959, 263 F.2d 808, 810):

1. Evidence must be newly discovered after the trial.

2. There must be diligence on part of movant.

3. The evidence must be more than merely cumulative or impeaching.

4. The evidence must be material to the issues involved.

5. The evidence must be such as would probably produce an acquittal.

Appellants rely, as evidence, on the existence of an "administrative agency interpretation," dated November 28, 1960, enlarging upon an "administrative agency interpretation" dated September 30, 1960, and itself revoked by an "administrative agency interpretation" dated March 10, 1961.[3]

If we concede that an "administrative agency interpretation" is evidence, and not law, we see that such evidence, *first coming into existence in November 1960,* could not relate to nor control procedures in effect on the dates of the three offenses of failure to report in 1958; might well be deficient under the second and third requirement hereinabove mentioned; and certainly would fail under the fourth and fifth requirement outlined in Pitts, supra.

█ Even were we to assume this "administrative agency interpretation" was "evidence," and "newly discovered" evidence meeting the five requirements listed, the motion would be and was addressed to the sound judicial discretion of the two district court judges, each of whom denied the respective motions before him. The exercise of this discretion, in the absence of abuse, is not reviewable by this court. Casey v. United States, 9 Cir., 1927, 20 F.2d 752; Gage v. United States, 9 Cir. 1948, 167 F.2d 122; Balestreri v. United States, 9 Cir. 1955, 224 F.2d 915; Pitts v. United States, supra.

█ No abuse of discretion is charged anywhere in appellants' brief. We are asked to again pass upon a question of substantive law previously decided by us adversely to appellants. This we cannot, and will not, do.

The action of the respective courts below in denying motions for new trial are, and each is, affirmed.

---

ifies reexaminations, it does not state at what interval they should be given. That is also left to the regulations. The statute governs only those classified as 1-A, and qualified for military service. It says nothing about those who, though physically fit, are exempted from service because of their beliefs. It follows from the foregoing that an examination need only be given at some time prior to the order to report for work of national importance * * *." Miller v. United States, 6 Cir.1948, 169 F.2d 865 at 867.

**3.** We need not finally determine if any of these "administrative agency interpretations," (—the first and third being

letters from the Director of Selective Service to a state director, and the second written by a subordinate for the Director to a secretary of a conscientious objector's committee—) are properly before us. The fact of the *existence* of the first and second letter was known to the trial courts on the motions 'for new trial, but neither they nor the third letter were before the lower courts *in haec verba,* nor, in fact, in existence at the time of either trial. Cf. Bowles v. United States, 1943, 319 U.S. 33, 63 S.Ct. 912, 87 L. Ed. 1194, for the proposition that an appellate court can take judicial notice of all administrative interpretations.