**MOBIL OIL CORPORATION,**
**Plaintiff-Appellee,**

v.

**DEPARTMENT OF ENERGY and Charles W. Duncan, Jr., Secretary of Energy, Defendants-Appellants.**

No. 5–54.

Temporary Emergency Court of Appeals.

Argued Feb. 2, 1981.

Decided April 7, 1981.

Thomas P. Humphrey, Dept. of Energy, Washington, D. C., with whom Alice Daniel, Asst. Atty. Gen., Dept. of Justice and Dennis G. Linder, C. Max Vassanelli, and Sheila Lieber, Dept. of Justice, and Robert C. Power, Dept. of Energy, Washington, D. C., were on brief, for defendants-appellants.

Thomas R. Trowbridge, III, Donovan, Leisure, Newton & Irvine, New York City, with whom Andrew J. Kilcarr and Daniel Bukovac of the same firm in Washington, D. C., John G. Tucker, Orgain, Bell & Tucker, Beaumont, Tex. and Charles S. Lindberg and William C. Streets, Fairfax, Va. (of counsel), were on brief, for plaintiff-appellee.

Before JAMESON, DUNIWAY and ZIRPOLI, Judges.

JAMESON, Judge:

This is a second appeal by the Department of Energy (DOE) from the judgment of the district court holding invalid the DOE's[1] April 30, 1974, amendment to the Mandatory Petroleum Price Regulations, subpart E of Title 10 of the Code of Federal Regulations. The facts giving rise to Mobil's challenge of the regulations were set out fully in a previous opinion. See *Mobil Oil Corporation v. DOE*, 610 F.2d 796 (Em. App.1979). In that opinion a panel of this court "affirmed as modified" the district court's summary judgment, which held that (1) the amendment to the regulations was "arbitrary and capricious", and (2) the agency did not comply with the procedural requirements for rulemaking under the Administrative Procedure Act, 5 U.S.C. § 553. *Id.* at 805.[2]

I. *Prior Opinion of this Court*

The April 30, 1974 amendment held invalid in the prior decision of this court required refiners, in establishing the maximum lawful price of regulated products, to apportion costs to the five products exempt from price controls at that time—refinery residue[3]—on a volumetric basis.[4]

After concluding that the "challenged amendment was never validly promulgated, either substantively or procedurally",[5] the court noted that

> the district court judgment in holding the amendment invalid and permitting Mobil to allocate increased costs associated with exempt products to covered products ap-

---

1. The Department of Energy and its predecessors, including the Federal Energy Administration and the Federal Energy Office, will be referred to collectively as "the DOE".

2. This court denied the DOE's petition for rehearing and suggestion for rehearing *en banc*, and the Supreme Court denied certiorari. 446 U.S. 937, 100 S.Ct. 2156, 64 L.Ed.2d 790 (1980).

3. The five products are petroleum coke, petroleum wax, asphalt, road oil, and refinery gas. These substances are by-products, or refinery residue that results from the processing of crude oil into refined products such as gasoline. The five by-products were exempt from price regulations with the expiration of the Economic Stabilization Act (ESA), 12 U.S.C. § 1904 note, on April 30, 1974. Subsequent rulemakings deregulated other refined products, but these five are the only ones involved in this controversy.

4. Prior to April 30, 1974 costs were volumetrically apportioned by means of a "V factor": the ratio of the total volume of each product sold during a specified period to the volume of all covered products sold during the same period. The April 30, 1974 amendment added products other than covered products to the denominator of the V factor.

5. In view of this conclusion, the court assumed "without deciding, that Mobil is in no need of exception relief...." The district court had held that the agency's denial of exception relief was arbitrary and capricious.

parently entitles Mobil to reallocate costs continuously from April 1974 up to the present. The agency alleges that this is incorrect. We agree.

*Id.* at 804.

The court recognized a potential conflict between the broad language of the judgment and December, 1975 amendments to the Emergency Petroleum Allocation Act (EPAA), 15 U.S.C. § 751 *et seq.*,[6] noting that it might be argued that

[s]ince the effect of the district court judgment is to allow the pass through to *any covered products*, including those products specifically restricted by § 4(b)(2)(D) without any limitation on proportions by volume, then the percentage of total costs allocated to the specified products might be greater than a proportionate amount by volume.

The judgment would thus contravene the statutory directive. The court continued:

It may be argued, on the other hand, that so long as Mobil does not allocate increased product costs to those specified products in any greater amount than statutorily authorized, then the judgment does not conflict with the statute.

The court concluded that

the decisive point is that the judgment permits unrestricted cost pass through to the specified products in a manner which might result in a greater than proportionate allocation by volume. For that reason alone, the judgment must be modified. Accordingly the case must be remanded to the district court for findings consistent with the foregoing comments.

*Id.* at 805.

## II. *Proceedings on Remand*

On remand, Mobil moved the district court to amend its conclusions of law and

judgment by adding an additional conclusion setting forth verbatim the pertinent language of the EPAA amendment, and by amending a paragraph of the judgment similarly to track the statutory language. The DOE moved for further findings and modification of the judgment, urging that the relief afforded Mobil be restricted to its unrecovered crude oil costs incurred prior to February 1, 1976. Both parties moved for summary judgment. The district court adopted Mobil's proposed amendments, adding to the conclusions of law a paragraph expressly recognizing the 1975 EPAA amendments and modifying a paragraph of the judgment to incorporate the language of the amended statute:

At all times since April, 1974, Mobil Oil Corporation has been and is entitled to allocate increased crude oil costs to products regulated by defendants; *provided, however, that nothing in this judgment shall permit, from February 1, 1976 forward, more than a direct proportionate distribution (by volume) to Number 2 oils (Number 2 heating oil and Number 2–B diesel fuel), aviation fuel of a kerosene or naphtha type, and propane produced from crude oil, of any increased costs of crude oil incurred by Mobil.* (emphasis added).

## III. *Contentions on Appeal*

On this appeal the DOE contends that the judgment must be modified further to "limit the regulated price passthrough of crude oil costs attributable to the five products exempted by April 30, 1974 (a) to the period prior to February 1, 1976 and (b) to costs not recouped by Mobil in its prices for those five products." The DOE argues that the new regulations adopted on February 1, 1976, pursuant to the statutory directive of

---

**6.** The amendments were enacted in the Energy Policy and Conservation Act (EPCA), Pub. L.No. 94–163, codified in various sections of the United States Code. The provision pertinent to this case is the amendment adding § 4(b)(2)(D) to the EPAA, 15 U.S.C. § 753(b)(2)(D), which reads:

(2) In specifying prices (or prescribing the manner for determining them), *the regulation under subsection (a)—*

(D) shall not permit more than a direct proportionate distribution (by volume) to Number 2 oils (Number 2 heating oil and Number 2–D diesel fuel), aviation fuel of a kerosene or naphtha type, and propane produced from crude oil, of any increased costs of crude oil incurred by a refiner; ... (emphasis added).

the EPAA, governed the passthrough of crude oil costs subsequent to that date and that the final judgment entered in this case ignores those regulations and permits Mobil to pass through crude oil costs volumetrically attributable to the five products exempt from price regulation in April, 1974, from that time to the present.

Mobil, on the other hand, contends that the "only issue properly open for consideration on this appeal is whether the district court's judgment conforms to the prior opinion and mandate of this court," and since "it undeniably does," the judgment should be affirmed. Mobil argues further that this court in its prior opinion expressed its awareness of the subsequent rulemakings and indicated that they "were not relevant to the appropriate scope of the judgment or its modification by the district court."

## IV. Scope of Review

■ The scope of review on this appeal is limited. The Supreme Court has held that on a second appeal following remand the only issue for consideration is whether the court below "reached its final decree in due pursuance of the previous opinion and mandate of this court." *United States v. Camou*, 184 U.S. 572, 574, 22 S.Ct. 505, 506, 46 L.Ed. 694 (1902). An appellate court may, of course, consult its prior opinion to ascertain what was in controversy and what was intended by its opinion and mandate. See *In Re Sanford Fork & Tool Co.*, 160 U.S. 247, 256, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895); *Bailey v. Henslee*, 309 F.2d 840, 843 (8 Cir. 1962). The mandate is "to be interpreted reasonably and not in a manner to do injustice, . . . " *Wilkinson v. Massachusetts Bonding & Ins. Co.*, 16 F.2d 66, 67 (5 Cir. 1926); *Bailey v. Henslee, supra*, at 844.

■ This court will not reconsider issues decided by the prior panel. The parties agree that the court held in the prior opinion that the April 30, 1974 amendment to the regulations was invalid.[7] The regulations in effect prior to April 30, 1974 included only "covered products" in the denominator of the V factor. The abortive attempt to correct this oversight did not, of course, change the rule, so for the period between April, 1974, and February, 1976, it cannot be said that any product costs were attributable, under the regulations in effect, to exempt products. The court accordingly concluded that "the judgment was not incorrect insofar as it permitted Mobil to allocate exempt product costs to covered products" for the period prior to February 1, 1976.[8] 610 F.2d at 805 n.11. These issues are not subject to review.

While it is true, as Mobil contends, that this case is concerned with the validity of the April 30, 1974 amendment, this court in its prior opinion did consider, over Mobil's objections, secondary factual and legal issues raised by the DOE on the first appeal, noting that it would "decide the case on its merits and judicially notice the relevant statutes." *Id.* at 804 n.10. The parties disagree as to what the court actually decided and the intent of the mandate, particularly with reference to the effect of regulations which became effective on February 1, 1976.

The scope of review on this appeal is limited to ascertaining from the prior opinion of this court and its mandate whether (1) the district court was required to consider the validity and effect of the February 1, 1976 regulations, and (2) whether this issue is now properly before this court.

---

7. The April 30, 1974 amendment permitted a refiner to recover in prices charged for its covered products only those crude oil costs volumetrically attributable to sales of covered products and, as a result, prevented a refiner from including in prices charged for covered products those crude oil costs attributable to the products no longer subject to price control.

8. This disposes of the DOE's contention that the judgment should be modified "to permit passthrough in regulated product prices only of increased crude oil costs not in fact recovered in the sale of exempt products." The prior panel of this court was well aware of the regulatory gap that existed as a result of the expiration of the ESA and the DOE's oversight in not changing the cost-allocation regulations in time. See, *e. g.*, 610 F.2d at 799, 803 and n.8.

It may be noted also that Mobil has referred in its brief and the DOE in oral argument to a further rulemaking, instituted in 1980, in which the Agency seeks to establish the volumetric apportionment rule retroactively to April 30, 1974. 45 Fed.Reg. 58871 (Sept. 5, 1980). The validity of that rulemaking proceeding was not raised in the district court and is not before this court on appeal.[9]

We are, of course, aware also that the President on January 29, 1981, issued Executive Order 12287 deregulating crude oil and refined petroleum products. 46 Fed. Reg. 9909 (Jan. 30, 1981). The order does not affect the DOE's regulatory power prior to the effective date of the order and does not accordingly affect the issues in this case.

## V. *The February 1, 1976 Regulations*

■ The DOE argues that the regulations which became effective February 1, 1976, were promulgated in response to Congress' direction in the EPAA, as amended,[10] and their validity was not questioned in the district court; but the court nevertheless improperly granted Mobil relief beyond the effective date of the amendment and the implementing regulations. The DOE relies heavily on the conclusion of this court in its prior opinion that the initial judgment was too broad in permitting Mobil to "reallocate costs continuously from April 1974 up to the present."

It is clear, however, as Mobil contends, that the prior opinion affirmed the judgment of the district court with a direction that it be modified to ensure that it could not be read as permitting after February 1, 1976, a result contrary to § 4(b)(2)(D) of the EPAA, as amended, effective on that date. That modification was made by incorporating the express language of the statute in both the amended conclusions of law and the revised judgment. While this court was aware of the February 1, 1976 regulations, in its prior opinion it addressed only the potential conflict with the statute and did not consider the validity or effect of the regulations promulgated pursuant to the statute.[11] Nor did it direct the district court to do so.

The district court complied with this court's directive to revise the judgment to avoid possible conflict with the provisions of § 4(b)(2)(D) of the EPAA, as amended, and to make it clear that Mobil was bound by those provisions subsequent to February 1, 1976. This court did not mandate a consideration of subsequent regulations; and the record before this court is not adequate to review the February 1, 1976 regulations, either as to substance or procedure. We are not in this opinion passing on the validity or effect of the February 1, 1976 or other subsequent regulations.

## VI. *Conclusion*

We reaffirm the prior holdings of this court that (1) the amendment to the Mandatory Petroleum Price Regulations promulgated on April 30, 1974 is null and void, and (2) the judgment is correct insofar as it

---

**9.** Presumably the validity and effect of the 1980 rulemaking will be tested in another action.

**10.** It is true, as the DOE argues, that the statutory amendment was not self-executing and that Congress contemplated that regulations were required to give effect to the statutory command. The EPCA also "require[d] a thorough review of the pricing and allocation regulation by [DOE] with a view toward modifying or eliminating provisions of the regulation which are no longer needed or are inconsistent with the objectives of the Act." House Report No. 94–340, Pub.L.No. 94–163, 94th Cong., 1st Sess. (July 9, 1975), reprinted in 2 U.S.Code Cong. and Admin.News 1762, 1776 (1975).

**11.** It is true that this court did consider the DOE's contention "that subsequent rulemak-

ings (concerning modification of the V factor and other allocation and cost formulas) were conducted with notice and comment, thus supporting its position that the V factor as modified by the April 30, 1974 amendment ought to be upheld." In response, the court held that "the opportunity to comment after promulgation cannot substitute for notice and an opportunity to comment beforehand." 610 F.2d at 804 n.9. We construe that statement as holding that the subsequent rulemakings, including the February 1, 1976 regulations, did not validate the April 30, 1974 amendment. The court simply did not address the question of whether the later rulemakings validly promulgated the same regulation on their effective dates.

permits Mobil to allocate exempt product costs to covered products for the period prior to February 1, 1976. We hold that the revised judgment, incorporating the provisions of § 4(b)(2)(D) of the EPAA, as amended, complied with the direction of the prior opinion for modification of the judgment to avoid possible conflict with the statute. On this basis we affirm the judgment, as modified by the district court, but express no opinion with respect to the validity and effect of the February 1, 1976 regulations or other subsequent regulations.