930 F.2d 32
Unpublished Disposition
 NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re CASTLETONS, INC., a Utah Corporation, Debtor,
Mary Ellen SLOAN, Trustee, Appellant,
v.
ZIONS FIRST NATIONAL BANK, Appellee.
 No. 90-4088.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 This appeal challenges the district court's affirmance of a bankruptcy court order directing the return of monies from appellant Mary Ellen Sloan, as trustee for debtor Castletons, Inc., to appellee Zions National Bank.[1] We affirm.
 
 Background
 
 2
 Castletons, Inc. (Debtor) filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Utah on May 15, 1987. Approximately one year earlier, the Debtor had executed a promissory note in the principal sum of $3,600,000 to Zions First National Bank (Zions). To secure payment of this note and an additional $100,000 loan, the Debtor granted Zions a security interest in its inventory and accounts receivable. On May 9, 1987, six days before the Debtor declared bankruptcy, Zions exercised its rights under the security agreement by notifying the Debtor's charge account customers that payments on their accounts should be made directly to Zions. As a result of this notice, Zions collected $129,702.39 in payments on the Debtor's charge accounts in the period before the Debtor declared bankruptcy.
 
 
 3
 On May 21, 1987, Zions brought an adversary proceeding against the Debtor seeking a declaration that Zions, through foreclosure, had become the owner of the Debtor's accounts receivable and an injunction preventing the Debtor from collecting on its accounts receivable or disposing of the proceeds previously collected. On the same day, the Debtor initiated a separate adversary proceeding in which it sought to compel Zions to return the proceeds it had collected before the Debtor declared bankruptcy because they were property of the estate.
 
 
 4
 The bankruptcy court consolidated these cases and, upon the parties' cross-motions for summary judgment, granted the Debtor's motion and ordered Zions to turn over the $129,702.39 it had collected before the Debtor's bankruptcy. Castletons, Inc. v. Zions First Nat'l Bank (In re Castletons, Inc.), Nos. 87PC-0403 & 87PC-0405 (Bankr.D.Utah June 17, 1987) (Turnover Order). Zions complied with the Turnover Order on that same day and filed a notice of appeal with the district court two days later. The district court subsequently reversed the Turnover Order upon holding that Zions had successfully completed a nonjudicial foreclosure on the security agreement before the Debtor's May 15, 1987 bankruptcy filing, leaving the Debtor with no legal or equitable right to the proceeds (Turnover funds) collected by Zions before that date. Zions First Nat'l Bank v. Castletons, Inc. (In re Castletons, Inc.), No. 87-C-565J (D.Utah Aug. 15, 1989) (Turnover Appeal Decision).
 
 
 5
 In reversing the Turnover Order, the district court specifically rejected the Debtor's contention that the parties' dispute over the Turnover funds had been mooted by their July 2, 1987 Stipulation and Agreement Concerning Use of Cash Collateral (Stipulation).[2] See id. at 5-7. Pursuant to that Stipulation, the Debtor had acknowledged that Zions held a valid, properly perfected and enforceable security interest in all of the Debtor's inventory, accounts receivable and the proceeds therefrom and agreed to deliver these assets to Zions. R.Vol. IV at 340-41. In return, Zions agreed, among other things, to reduce its secured claim by $400,000 and to allow the Debtor to draw on these secured assets during its efforts to convert its inventory to cash, to collect its accounts receivable and to take other actions consistent with satisfying Zions' secured claim. See id. at 340-44. Consistent with this Stipulation, the Debtor delivered all of the proceeds from its accounts receivable to Zions, including the $129,702.39 it had just received pursuant to the bankruptcy court's Turnover Order. The record does not reveal how much, if any, of the Turnover funds were then utilized by the Debtor to liquidate inventory and take other actions consistent with the Stipulation. The Turnover funds were also not referenced in the Stipulation or otherwise distinguished by the parties from the other funds and accounts transferred to Zions pursuant to the Stipulation.
 
 
 6
 In its brief to the district court, the Debtor argued broadly that the Stipulation mooted the appeal concerning the propriety of the Turnover Order because it provided for Zions to collect and receive all proceeds from the Debtor's accounts receivable and other sales. R.Vol. IV at 316-17, 321. At some point later in the appeal process, the Debtor apparently refined this argument to assert that no case or controversy existed because the Stipulation adequately provided for protection of Zions' security interest. See Turnover Appeal Decision at 5-6 (citing 11 U.S.C. Sec. 542 regarding the standards for determining the propriety of a turnover order). The district court rejected this argument on the ground that the subject proceeds had never been part of the Debtor's estate and hence could not be considered in determining whether Zions' remaining interest in the Debtor's estate was adequately protected. See id. at 5-7. The district court further found that the appeal was not mooted because the Debtor's remaining estate of $135,000 in unencumbered funds was available to provide an "effective remedy" for the bankruptcy court's erroneous Turnover Order. Id. at 7. The Debtor did not appeal this or any other aspect of the district court's decision.
 
 
 7
 On remand for further action in accordance with the district court's rulings, the bankruptcy court ordered the Debtor's Trustee[3] to pay Zions $129,702.39, plus interest accrued since the June 17, 1987 Turnover Order. Zions First Nat'l Bank v. Castletons, Inc. (In re Castletons, Inc.), Nos. 87PC-0403 & 87PC-0405, Order Directing Return of Monies (Bankr.D.Utah Nov. 29, 1989) (Return Order). The Trustee appealed to the district court, which summarily affirmed the Return Order after a hearing. Zions First Nat'l Bank v. Castletons, Inc. (In re Castletons, Inc.), No. 90C-0039J (D.Utah May 5, 1990). The Trustee then timely appealed to this court.
 
 Discussion
 
 8
 The Trustee argues on appeal that the bankruptcy court erred in ordering it to repay Zions the Turnover funds because, by the time the Return Order was entered, such payment could only be made out of funds derived from the sale of unencumbered assets of the Debtor's estate, that is out of assets to which Zions had no special entitlement under the Bankruptcy Code. The Trustee further contends that disputed issues of fact regarding Zions' "claim" against the Debtor for the Turnover funds precluded the bankruptcy court from entering "summary judgment" on the issue and that the real effect of the Return Order was to grant Zions a double recovery of the Turnover funds because they had previously been delivered to Zions pursuant to the Stipulation. We find no basis for reversal in any of these contentions.
 
 
 9
 First, we disagree that the Return Order is a summary judgment subject to review under the standards of Fed.R.Civ.P. 56(c). The ordinary standard for review on a second appeal following a remand "is whether the court below 'reached its final decree in due pursuance of the previous opinion and mandate of [the appellate] court.' " Mobil Oil Corp. v. Department of Energy, 647 F.2d 142, 145 (Temp.Emer.Ct.App.1981) (quoting United States v. Camou, 184 U.S. 572, 574 (1902)). In conducting this review, we are to interpret that mandate " 'reasonably and not in a manner to do injustice.' " Id. (quoting Bailey v. Henslee, 309 F.2d 840, 844 (8th Cir.1962)). We see no reason to depart from this standard of review in this case.[4]
 
 
 10
 We also disagree that the bankruptcy court did more than simply execute the district court's mandate when it issued the Return Order. As described earlier, the district court held in the Turnover Appeal that the bankruptcy court should not have ordered Zions to turn the subject funds over to the Debtor because these funds were not part of the Debtor's estate at the time it filed for bankruptcy. See Turnover Appeal Decision at 13. The district court further stated that it had an "effective remedy" available to correct this error because the estate retained sufficient funds, derived from the sale of unencumbered assets, to return the improperly received funds. Id. at 7. Given these two statements, we find that the bankruptcy court acted "in due pursuance" of its mandate in ordering the Trustee to repay Zions the Turnover funds.
 
 
 11
 The district court's rulings in the first appeal in this case also preclude the Trustee's remaining arguments. By holding that the Turnover funds were never part of the Debtor's estate, the district court effectively removed these funds from the Bankruptcy Code's priority scheme for distributing property of the debtor's estate. See 11 U.S.C. Sec. 726(a) (establishing priorities for paying claims against the debtor's estate). Thus, the Trustee's arguments challenging Zions' entitlement to the Turnover funds based on this statutory distribution scheme must fail.[5] The Trustee's final argument, that the Return Order effectively allows Zions to recover the Turnover funds twice, once via the Stipulation and a second time via the Return Order, also fails as it is merely a reformulation of the mootness argument considered and rejected by the district court in the Turnover Appeal. See Turnover Appeal Decision at 7. The Trustee chose not to appeal that final decision and cannot now complain that the bankruptcy court properly executed it.
 
 
 12
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 This stipulation was approved by the bankruptcy court on July 7, 1987
 
 
 [3]
 The Trustee was appointed in September 1988 when the Debtor's case was converted to a Chapter 7 bankruptcy
 
 
 [4]
 The Trustee also argues that a de novo standard of review is required because the Return Order decided an issue not addressed by the district court, that is "the issue of how Zions' claim should be treated under the Bankruptcy Code." Reply Brief of Appellant Castletons, Inc. at 3 (emphasis added). The error of this argument, as discussed herein, is its assumption that Zions' ability to recover these funds is subject to the Bankruptcy Code's provisions for recognizing claims against a debtor's estate
 
 
 [5]
 We know of no authority requiring a different result, as the Trustee argues, simply because the actual repayment of these improperly seized funds was ultimately made out of funds traceable to the sale of unencumbered assets