**UNITED STATES, Plaintiff–Appellant Cross–Appellee,**

**v.**

**BELL PETROLEUM SERVICES, INCORPORATED, etc., et al., Defendants,**

**Chromalloy American Corp., fdba and Sequa Corporation, Defendants–Appellees Cross–Appellants.**

**No. 94–50323.**

United States Court of Appeals, Fifth Circuit.

Sept. 15, 1995.

R. Mounsey, Richard Gladstein, U.S. Dept. of Justice, Environ, Enforcement Section, Denver, CO, for appellants.

James B. Harris, Scott D. Deatherage, Thompson & Knight, Dallas, TX, for appellee.

Before WISDOM, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Plaintiff Appellant, the Environmental Protection Agency (EPA), brought this action under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA, 42 U.S.C. § 9607(a)) seeking reimbursement of costs for the clean-up of chromium discharge in the Trinity Aquifer near Odessa, Texas. Defendants, Sequa Corporation and its affiliate, Chromalloy American Corporation (jointly "Sequa"), John Leigh, and Bell Petroleum, were the successive operators of a chrome electroplating facility in the vicinity.

In August 1989 the district court granted summary judgment for the EPA, imposing joint and several liability against the operators for the chromium contamination. Bell and Leigh settled, and Sequa appealed. This Court reversed, holding that Sequa had established a reasonable basis for apportioning liability precluding imposition of joint and several liability. *E.P.A. v. Sequa Corp. (In re Bell Petroleum Servs., Inc.)*, 3 F.3d 889 (5th Cir.1993).

On remand, the district court granted judgment limiting Sequa's liability to four percent of the total clean-up costs and declared other motions moot. The EPA appeals, challenging both the district court's refusal to admit additional evidence on the question of Sequa's share of liability and the sufficiency of the findings supporting the judgment. The EPA also complains that the court erred in declaring moot the question of Sequa's corporate successor liability. Sequa cross-appeals, arguing that the district court

Albert M. Ferlo, Jr., Jacques B. Gelin, U.S. Dept. of Justice, Washington, DC, Peter

understated the costs which are not recoverable by the EPA.

## I.

■ On remand, Sequa moved for judgment limiting its several liability to four percent, asking that the court decide the apportionment on the basis of the existing record and not burden Sequa with additional hearings. The EPA contended that Sequa should be required to prove any limitation on its liability after additional discovery and the EPA requested the opportunity to submit additional evidence on the apportionment. The district court determined that this Court's earlier opinion precluded consideration of additional evidence; the district court therefore fixed Sequa's percentage of liability based on the evidence from Phase III[1] of the trial. The EPA argues that the district court erred in interpreting this Court's ruling as precluding additional evidence on remand.

■ On a second appeal following a remand, this Court must interpret its earlier mandate "reasonably and not in a manner to do injustice." *Mobil Oil Corp. v. Department of Energy*, 647 F.2d 142, 145 (Temp.Emer.Ct.App.1981). Under this standard we hold that we did not preclude the district court's consideration of additional evidence on remand.

In the first appeal we held, "the district court erred in imposing joint and several liability because Sequa met its burden of proving that there is a reasonable basis for apportioning liability among the defendants on a volumetric basis". 3 F.3d at 904. Under this holding the district court was bound to apportion liability under the volumetric theory proposed by Sequa and accepted by this Court. The actual apportionment, however, was left to the district court to determine after this Court remanded "for further proceedings." *Id.* at 909.

■ Where further proceedings are contemplated by an appellate opinion, the district court retains the discretion to admit additional evidence. *See Westwego Citizens for Better Government v. City of Westwego*, 906 F.2d 1042, 1043–44 (5th Cir.1990) ("[W]here we remand for further findings but also note that additional 'proceedings' may be involved, our mandate does not 'tie the lower court's hands ... to a bedpost forcing it to stare only at' the record before it".) (quoting *Doran v. Petroleum Management Corp.*, 576 F.2d 91, 92 (5th Cir.1978)).

The district court, however, considered itself constrained by this Court from reopening the record, though it was convinced that further evidence would assist in accurately apportioning liability.[2] This interpretation of our mandate was a legal error which precluded the district court from freely exercising its discretion to consider additional evidence. We therefore reverse and remand to allow the district court to exercise its discretion to admit and consider further evidence.

■ We also reject Sequa's argument that the EPA waived either its right to submit evidence on Sequa's share of liability or its right to allege error. Although the EPA introduced no evidence at the apportionment phase of the trial, the district court had already declared Sequa jointly and severally liable. If defendants were jointly and severally liable, then EPA's failure to present evidence on allocation of liability was understandable. Phase III of the trial, the apportionment phase, had been ordered limited to

---

1. The district court trifurcated the trial into Phase I, liability; Phase II, recovery by the EPA of costs of action taken on the site up to that time; and Phase III, the relative liability or "divisibility" of liability of defendants.

2. The district court stated,

> The United States vigorously contends the record from the Phase III hearing supports apportioning liability against Sequa in the following percentages: 15, 24, 60, 70, and 96.5. As much as the Court would like to impose

> liability in one of these requested amounts, the record, as it currently exists, only supports imposing liability in the amount of 4%. This Court, however, is unable to develop the Phase III hearing record, as one-sided as it may be, because of the Fifth Circuit's ruling in this case on appeal. Much to the Court's chagrin, this Court is compelled to impose liability in the amount of 4%, although it is convinced that further evidence regarding this point would demonstrate Sequa's share of contamination is much higher.
>
> 29 R. 7240 n. 1.

determining the relative contributions of the defendants to the contamination.

Additionally, because the district court refused to allow any additional evidence, the EPA was not required to make an offer of proof under Federal Rule of Evidence 103.[3] " 'A specific offer of evidence is not needed where an entire class of evidence has been in advance formally declared inadmissible by the trial court during preliminary argument or colloquy, for the court's ruling relates forward to all possible offers of such evidence and renders them needless.' " *Garner v. Santoro,* 865 F.2d 629, 636 (5th Cir.1989) (quoting 1 J. Wigmore, *Wigmore on Evidence* § 17 (Tillers rev. 1983)).[4]

## II.

■ Before the first appeal, the EPA moved to hold Sequa liable for all costs based on its liability as successor to the now dismissed Defendants. The district court dismissed this motion as moot upon the court's approval of the partial consent decree, which protected Bell Petroleum against current and future response costs from either the Government's suit or claims of contribution by others. After this Court reversed the imposition of joint and several liability, the EPA asked the district court to reconsider its previous motion to hold Sequa liable for its former codefendants' contamination under a successor-liability theory. The court again dismissed the EPA's motion as moot, and the EPA appeals.

A second appeal "generally brings up for revision nothing but proceedings subsequent to the mandate following the prior appeal." *Brooks v. United States,* 757 F.2d 734, 739 (5th Cir.1985). Our reversal of the imposition of joint and several liability does not affect the validity of the district court's mootness ruling, because that ruling was based on the consent decree, not joint and several liability.

## III.

■ On cross-appeal Sequa challenges the district court's exclusion from the non-recoverable response costs the cost of a focused feasibility study (FFS). The FFS was a study that proposed alternative solutions. After the FFS was conducted, the EPA decided to build an alternate water supply (AWS) as an interim measure. This Court condemned that decision as arbitrary and capricious; therefore, the EPA could not recover the costs of designing and constructing the AWS under CERCLA § 107(a)(4)(B). *Bell,* 3 F.3d at 905–07.

Despite Sequa's argument on remand that the FFS was among such nonrecoverable costs, the district court nevertheless included the FFS in the costs recoverable by the EPA. Sequa argues that our previous ruling exempts it from the costs of the FFS. We interpret our mandate "reasonably and not in a manner to do injustice." *Mobil Oil,* 647 F.2d at 145.

Upon determining that the decision to furnish or implement the AWS was arbitrary and capricious, this Court disallowed recovery of the cost of "designing and constructing" the AWS. *Bell,* 3 F.3d at 905–07. We did not hold that the initial decision to study the problem with an FFS was arbitrary. *See id.* at 893 (noting that the FFS was "undertaken to evaluate the need to provide an [AWS] pending completion of the remaining portion of the feasibility study and implementation of a final remedial action"); *see also* Sequa's Opening Brief at 33, *Bell* (No. 91–8080) (asking this Court to exclude only the costs of implementing the AWS and distinguishing "between *making* a decision on how to remediate an environmental problem and implementing the tasks that lead to that decision or *implementing* the decision" ).

---

3. Federal Rule of Evidence 103(a)(2) provides that error may not be predicated upon a ruling which excludes evidence unless "the substance of the evidence was made known to the court by offer or was apparent from the context in which questions were asked."

4. In view of our remand, we find it unnecessary to reach the question whether the district court's order was supported by sufficient findings of fact as required by Rule 52. New findings of fact will issue following the remand. More specific findings would be of considerable benefit to this Court. *See Ramirez v. Hofheinz,* 619 F.2d 442, 445 (5th Cir.1980).

## IV.

The judgment of the district court is reversed in part, insofar as the district court misinterpreted our mandate as foreclosing the taking of additional evidence. The matter is remanded for further proceedings, including, in the discretion of the district court, the taking of additional evidence on volumetric apportionment. Our mandate in the first appeal had no effect on the district court's dismissal of the EPA's motion regarding Sequa's successor liability. Finally, the judgment of the district court is affirmed insofar as the district court properly interpreted our prior mandate as determining that design and construction costs, but not the costs of the FFS, were nonrecoverable.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.