**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**MAR 5 2002**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 01-3220 |
| v. | (D.C. No. 99-CR-10151-MLB) |
| ARIEL ABUSTAN ASIDO, | (D. Kansas) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Asido appeals the United States District Court for the District of Kansas' Memorandum and Order of Clarification after Remand. Defendant entered a conditional guilty plea to the charge of possessing marijuana with intent

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to distribute in violation of 21 U.S.C. § 841(a)(1).  The conditional guilty plea specifically preserved Defendant's right to appeal the district court's denial of his motion to suppress evidence of marijuana found in the vehicle he was driving. Defendant maintained that the challenged evidence was the product of an unlawful stop, detention, and search of his person.

This court upheld the propriety and scope of the officers' stop.  See United States v. Asido, 2001 WL 578466, *3-4 (10th Cir. 2001).  However, we remanded the issue of consent to search Defendant's socks and shoes to the district court for additional fact-finding.  Specifically, we stated:

> [W]e remand that portion of the district court's order which held that based on Defendant's version of events, his consent to allow the troopers to inspect his socks was voluntary, and the district court is to make findings determining which version of events actually occurred, and to enter an order consistent therewith.

Id. at *6.  Because our prior opinion gives a detailed summary of this case's background, we do not reproduce that information here.  See id. at *1-3.

The standard of review following remand is whether the district court reached its final decree by following the previous opinion and mandate of this court.  Phillips Petroleum Co. v. F.E.R.C., 902 F.2d 795, 798 (10th Cir. 1990) (citing Mobil Oil Corp. v. Dep't of Energy, 647 F.2d 142, 145 (Temp. Emer. Ct. App. 1981)).  Our prior mandate is "to be interpreted reasonably and not in a manner to do injustice."  Mobil Oil Corp., 647 F.2d at 145 (citation omitted).

On remand, the district court clarified its previous opinion by stating that "this court specifically finds that it believed the troopers' testimony regarding the discovery of the meth pipe, not defendant's testimony, and further finds that defendant consented to the search." Rec., Vol. I, Exh. 47 at 3-4. However, Defendant contends that the district court erred on remand by disregarding its prior factual findings on the issue of consent and accepting the officers' version of events at the exclusion of Defendant's version. Defendant also argues that the district court incorrectly declined to consider evidence submitted to the district court on remand.

Defendant's first challenge appears to question the factual findings of the district court, especially whether Defendant orally agreed to the search of his socks and shoes (troopers' version), or whether Defendant simply acquiesced by his actions, i.e., lifting his left pant leg in response to the troopers' command (Defendant's version). In its original Memorandum and Order, the district court made the following finding: "Defendant responded in the negative, whereupon Trooper Jimerson asked if he could check defendant's shoes and socks. Defendant pulled up his left pants leg voluntarily." Rec., Vol. I, Exh. 22 at 3. Defendant argues that by accepting the troopers' testimony and rejecting Defendant's version of events the district court on remand contradicted a prior finding of fact–that Defendant did not orally consent to a search of his socks and

shoes. We read the district court's original factual summary differently. In its original Memorandum and Order, the district court stated that "Defendant pulled up his left pant leg voluntarily." Id. This statement simply indicates that Defendant was not coerced in his decision to lift up his left pant leg but takes no position as to whether Defendant orally agreed to the search of his socks and shoes prior to lifting his left pant leg.

The district court's decision to believe the factual content of the troopers' testimony over Defendant's is subject to review by this court for clear error. "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed. R. Civ. P. 52(a); see Salve Regina College v. Russell, 499 U.S. 225, 233 (1991). More importantly, "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can *virtually never be clear error*." Anderson v. City of Bessemer City, 470 U.S. 564, 575-76 (1985) (citations omitted) (emphasis added). Because we find the troopers' version of events facially plausible, not contradicted by extrinsic evidence, and not internally inconsistent, we cannot say that the district court clearly erred in believing the troopers' version of events

over Defendant's.

Defendant's second contention is that the district court refused to consider factors on remand that were part of the initial record and considered by the court in the first instance. Defendant argued that the troopers' size and the fact that they touched him physically should be considered in determining whether Defendant felt free to leave at anytime. The district court rejected these arguments on two grounds. First, Defendant did not present these arguments at the suppression hearing. Second, Defendant did not testify that either of these two factors affected his belief that he was free to leave. See Rec., Vol. I, Exh. 47.

It is true that the district court stated, "This court declines to consider those factors." Id. at 2. However, the district court had already determined that these factors were inapplicable in this case. The district court rejected Defendant's arguments regarding the size of the officers and the physical contact between the troopers and Defendant because Defendant himself never articulated these factors as reasons why he felt he was not free to leave. At the suppression hearing, Defendant indicated that the change in the troopers' tone of voice was the reason why he did not feel free to leave. We find that the district court committed no error on this issue.

In sum, the district court's decision is consistent with this court's prior

opinion and our instructions on remand.  Therefore, we affirm the district court's decision to deny Defendant's Motion to Suppress.

**AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge